STEWART, Plaintiff-Appellee, v. ADMINISTRATOR, BUREAU OF UNEMPLOYMENT COMPENSATION et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24506.   Decided October 15, 1958.

Bernard Mosesson, N. D. Rollins, for plaintiff-appellee.
William Saxbe, Atty. Genl., Richard F. Patton, for defendants-appellants.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment of the Court of Common Pleas, Cuyahoga County, reversing an order of the Board of Review of the Bureau of Unemployment Compensation, dismissing appellee's application for benefits, and remanding the case to the Bureau for further proceedings.

On November 1, 1955, the claimant, Minnie Stewart, filed an application for determination of benefit rights with the Ohio Bureau of Unemployment Compensation.   The application shows that she was discharged by her employer, The Aetna Window Cleaning Company, on October 26,

1955. An issue of fact was presented by the application of whether or not the claimant was discharged for just cause. The administrator disallowed the claim on November 15, 1955. A reconsideration was requested on November 23, 1955 and on November 25, 1955, the administrator affirmed the order of November 15, 1955. On December 1, 1955, the claimant filed a notice of appeal to the Board of Review from the determination of the administrator on reconsideration entered November 25, 1955. Notice was given on December 12, 1955 to the claimant that the hearing on appeal before the Board would be held December 19, 1955, and on that day a full hearing was had before a referee. The testimony taken at this hearing was thereafter transcribed and is found in the transcript.

Sec. 4141.28 R. C., provides as follows:

"* * * The proceedings at the hearing before the referee shall be recorded by mechanical means or otherwise as may be prescribed by the board. Such record shall not be a part of the record on rehearing before the board or a part of the record certified by the board to the court of common pleas. Unless said claim is further appealed to the board, such record of proceedings need not be transcribed. * * *"

On January 4, 1956, the referee, acting on behalf of the Board, filed its decision affirming the order of the administrator upon reconsideration on November 25, 1955, and notice was given to all interested parties.

On January 10, 1956, the applicant filed with the Bureau an application for leave to institute a further appeal from the decision of the referee. Notice of such an application to institute further appeal from the decision of the referee was given to the interested parties on January 26, 1956. On June 28, 1956, the Board of Review, Bureau of Unemployment Compensation, rendered its decision disallowing the application to institute further appeal. Notice of the decision of the Board was mailed to the applicant July 16, 1956.

The transcript then shows that a notice of appeal to the Court of Common Pleas was filed with the Clerk of Courts of Cuyahoga County on August 3, 1956, and a copy sent by registered mail to the Administrator of the Bureau of Unemployment Compensation, 427 Cleveland Avenue, Columbus, Ohio and to The Aetna Window Cleaning Company, 1430 East 27th Street, Cleveland, Ohio.

Sec. 4141.28 R. C., in part, provides:

"All interested parties shall be notified of the referee's decision and the reasons therefor, which shall become final unless, within ten days after such notification was mailed to the last known post-office address of such parties, the board on its own motion removes or transfers such claim to itself or, an application to institute a further appeal before the board is filed by any interested party and such appeal is allowed by the board.

"When any claim is removed or transferred to the Board on its own motion, or when an application to institute further appeal is allowed by the board, the board shall review the decision of the referee and shall either affirm, modify, or reverse such decision. Before rendering its decision, the board may remand the case to the referee for further pro-

ceedings. When the board disallows an application to institute a further appeal, or renders its decision affirming, modifying, or reversing the decision of the referee, all interested parties shall be notified of such decision or order by mail addressed to the last known post-office address of such parties.

"Any interested party may, within ten days after notice of the board's decision or order was mailed to the last known post-office address of such parties, file notice with the board of intention to appeal any such decision or order of the board adversely affecting such party to a court of common pleas and request a rehearing by the board. Such notice and request for rehearing shall be filed with the board in the manner and in the form and at such place as may be prescribed by the board. When any such notice and request is so filed with the board, the board shall afford all interested parties a fair rehearing. All interested parties shall be notified of the board's decision on rehearing and the reasons therefor by mail addressed to the last known postoffice address of such parties. A complete record shall be kept of each case heard before the board on rehearing. All testimony of any rehearing before the board shall be recorded but need not be transcribed unless the disputed claim is appealed to a court of common pleas.

"Any interested party may, within thirty days after notice of the decision of the board on rehearing was mailed to the last known postoffice address of all interested parties, appeal from the decision of the board on rehearing to the court of common pleas of the county wherein the appellant, if an employee, is resident or has his principal place of business in this state. * * *"

The applicant completely omitted the last step to be taken before the administrative agency, as provided by §4141.28 **R. C.**, as a prerequisite to an appeal to the court. Before seeking relief by appeal to the court of common pleas, an applicant or any party dissatisfied with the order or decision of the board, if he desires to appeal to the court of common pleas shall be required, within ten days of notice of such order or decision of the board, to give notice of his intention to appeal such order or decision to the court of common pleas and request a rehearing. Whereupon the board must, upon proper notice to all parties, grant such party a "fair hearing." A record of the testimony taken at the rehearing shall be made but need not be transcribed unless the claim is appealed to the court.

The statute then provides that any interested party, within thirty days after notice of the decision of the board on rehearing, may appeal such decision to the court of common pleas (the statute fixing the county in which such appeal is to be taken) by notice of appeal filed with the clerk of the court, the board and all interested parties in the manner provided by the statute.

Until all of the procedural steps are taken before an administrative agency, as are provided by law, the court of common pleas cannot acquire jurisdiction of the subject matter of the action.

Here the order of the Court of Common Pleas is to return the case to the Bureau and afford the claimant a hearing, which by statute is

allowed only if notice is given within ten days from notice of the decision of the Board. The limitation of time within which such last appeal before the board is to be taken is jurisdictional and the court of common pleas is not vested with authority to direct that such hearing shall be had after the time provided by law has passed.

The order of the Court of Common Pleas is, therefore, reversed and final judgment is entered for the appellant.

HURD and KOVACHY, JJ, concur.