SMITH, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE.

Common Pleas Court, Butler County.

No. 77482.   Decided June 29, 1959.

*Mr. Richard Koehler,* for appellant.
*Mr. Daniel T. Lehigh,* for appellee.

CRAMER, J. This cause is now before the Court upon the motion of the appellee herein to dismiss this cause for the reason

that the jurisdiction of the Court of Common Pleas of Butler County, Ohio, has not been properly invoked for the reason that appellant failed to file Notice of Intent to Appeal to Court and Request a Re-hearing from the decision of the Board of Review within the ten day appeal period provided by Section 4141.28, Revised Code.

On February 20, 1959, the Board of Review rendered a decision on the appellant's application for benefits under the Unemployment Compensation Act, and on the same date a copy of said decision was mailed to the last known post office address of said appellant.

The transcript filed in this cause further shows that on March 6, 1959, claimant, appellant herein, filed his Notice of Intent to Appeal to Court and Request a Rehearing. Said Notice and Request came before the Board of Review for consideration.

Said Board found that more than ten days elapsed between the date on which its copy of decision was mailed to claimant and the date on which Notice of Intent to Appeal to Court and Request a Rehearing was filed. It further found that it therefore was without authority to extend the statutory period within which such claim and request may be filed, and, therefore, it did not acquire jurisdiction to hear and determine the case on its merits and ordered that the Notice of Intent to Appeal to Court and Request a Rehearing by appellant herein be dismissed and a rehearing denied.

Section 4141.28, Revised Code, in part, provides:

"Any interested party may, *within ten days after notice of Board's decision or order was mailed to the last known post office address of such parties*, file notice with the Board of Intent to Appeal any such decision or order of the Board adversely affecting such party *to a Court of Common Pleas and request a rehearing by the Board.* Such notice and request for rehearing shall be filed with the Board in the manner and in the form and at such place as may be prescribed by the Board. When any such notice and request is so filed with the Board, the Board shall afford all interested parties a fair hearing * * *." (Emphasis added.)

It is readily apparent here that since the Board's decision

was mailed to appellant on February 20, 1959, and the Notice of Intent to Appeal to Court and Request a Rehearing was not filed until March 6, 1959, that a period in excess of ten days elapsed.

Is the limitation of time within which such last appeal before the Board is to be taken jurisdictional?

In our opinion the authorities require an affirmative answer.

This exact question was before the Court of Appeals, 8th District of Cuyahoga County, in the case of *Stewart* v. *Administrator,* 80 Ohio Law Abs., 166 (April 13, 1959 issue of Ohio BAR), decided October 15, 1958. The second syllabus in that case is as follows:

"Before seeking relief by appeal to the Court of Common Pleas, an applicant or any party affected and dissatisfied with the order or decision of the Board of Review of the Bureau of Unemployment Compensation, is required, within 10 days of notice of such order or decision of the board, to give notice of his intention to appeal such order or decision to the Court of Common Pleas and request a rehearing, which rehearing the board must grant, and when a party fails to take such action within the ten day period and later appeals to the Court of Common Pleas, an order of the court returning the cause to the bureau with directions to afford claimant a hearing will be reversed since the limitation of time within which such last appeal before the board is to be taken is jurisdictional and the Court of Common Pleas is not vested with authority to direct that such hearing shall be had after the time provided by law has passed."

The case of *Coy, Appellee,* v. *Bureau of Unemployment Compensation,* decided May 26, 1947, by our own Court of Appeals, found in 81 Ohio App., 158, is likewise in point. That case held so far as to hold that not only is the notice of appeal required to be filed within ten days, but that the failure of the postmaster to forward the notice to claimant's new address (claimant had changed her residence but had not notified the Bureau), did not prevent the running of the time for appeal from the date of the mailing of the notice.

On the above authorities and those cited in the appellee's memorandum attached to the motion to dismiss, it is our con-

clusion that claimant has not properly invoked the jurisdiction of this court and that the appellee's motion to dismiss must be sustained.

*Note*: The appellant's Notice of Appeal to the Common Pleas Court together with the paper designated "Demand," both recite that Notice of Appeal is to the Probate Court of Butler County, Ohio, and the Demand seeks to require the Board to file with the Clerk of the Probate Court of Butler County a certified transcript of the record of the proceedings. This was obviously a typographical error and we have so considered the same.