VAN METER, APPELLANT, *v.* SEGAL-SCHADEL CO. OF COLUMBUS ET AL., APPELLEES.

(No. 7430—Decided April 6, 1965.)

*Mr. Chester T. Freeman,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Hubert C. Dutro,* for appellees Administrator of the Bureau of Unemployment Compensation and the Board of Review.

DUFFY, J. The claimant-appellant was an employee of the Segal-Schadel Company of Columbus. Upon discharge from his employment, he filed a claim with the Bureau of Unemployment Compensation. His claim for compensation was disallowed by the administrator of the bureau. It was later determined by the administrator that a proper notice for a reconsideration of the original determination was not made within the time required by Section 4141.28 (G), Revised Code.

Upon the employee's appeal to the Board of Review and then to the Common Pleas Court of Franklin County, the administrator's ruling was sustained. The employee has now appealed to this court. He makes one assignment of error which is as follows:

"The Court of Common Pleas erred in finding that the law as it applies to the issue herein presented required appellant to file his appeal from the initial determination of the administrator within ten days of the date of mailing to the last known post office address of the appellant, and not within ten days from the date of delivery of such notification."

While the claimant-appellant alleges that he was confused by the administrator having sent to him, in the same envelope, an allowance of claimant-appellant's application for determination of benefits and a disallowance of his claim for benefits, he is contending that his application for reconsideration made on March 26, 1962, was within the time allowed by law where the date of mailing of the initial determination was March 14, 1962.

The pertinent part of the Unemployment Compensation Law, Section 4141.28 (G), Revised Code, reads as follows:

"Any interested party notified of a determination of an application for determination of benefit rights or a claim for benefits may, within ten calendar days after such notice was delivered to such person or was mailed to his last known post-office address, apply in writing for a reconsideration of the administrator's or deputy's determination * * *."

The claimant-appellant contends that since proof of record shows the notice was mailed on March 14, 1962, it would not be delivered to him at the earliest before March 15, and that his filing on Monday, March 26, was therefore within time. In this instance, the notice was not delivered to him; rather, it was mailed on March 14 to his last known post-office address. In computing the 10 days from March 14, 1962, it would appear that the tenth day fell on Saturday, March 24. Section 5.30 of the Revised Code says that every Saturday afternoon is a legal holiday beginning at 12 noon and ending at 12 midnight. The Legislature of Ohio amended Section 1.14 of the Revised Code effective October 11, 1961 (129 Ohio Laws 1073), and it now reads as follows:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a *legal holiday,* then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.

"* * *." (Emphasis added.)

Prior to this amendment, the last day was excluded only if it fell on Sunday. Since the tenth day—Saturday, March 24—fell on a half-holiday, and the first full day the bureau was open for business after the ninth day was Monday, March 26, 1962, a liberal interpretation of these statutes calls for a finding that there was a proper filing of an application for reconsideration in this claim.

It was no doubt the intent of the Legislature to recognize that this is a five-day-work-week world, and it should be noted that in the second paragraph of the amended section, the Legislature even extended the time for the performance of an act required by law to be performed in a public office where the public office "is closed to the public for the entire day which constitutes the last day for doing such act *or before its usual closing time on such day.*"

The judgment is reversed and the cause remanded to the bureau with instructions to reconsider the application.

*Judgment reversed.*

BRYANT, P. J., and TROOP, J., concur.