BLANCHARD, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE.

(No. 47383—Decided May 6, 1968.)

Common Pleas Court of Lake County.

*Messrs. Clair & Wiles* and *Mr. Robert A. Clair,* for appellant.

*Mr. Edward L. Sepessy,* for appellee.

SIMMONS, J. This is an appeal from a decision of the Board of Review affirming the order of the administrator of March 6, 1967, cancelling appellant's claims for unemployment compensation.

After considering the argument of counsel at hearing, the transcript, counsels' briefs and the law, the decision of the Board of Review is found to be lawful, reasonable and supported by the manifest weight of the evidence and

is, therefore, affirmed. Exceptions are noted for the appellant who is assessed the costs of this appeal.

IT IS SO ORDERED.

The Board of Review confirmed the administrator's order of March 6, 1967, on the basis that it was without jurisdiction to do otherwise since the appellant had failed to comply with Section 4141.28 (G), Revised Code, requiring that he make written application for reconsideration of that order within ten calendar days after it had been mailed to appellant's last known post office address.

It is undisputed by counsel for appellant that his written application for reconsideration was mailed by his counsel on March 31, 1967, approximately 15 days past the expiration of the application period. This failure renders the administrator's order absolutely final and denies to both the Board of Review and to this court jurisdiction to consider the merits of the appeal. Section 4141.-28 (G), Revised Code; *Stewart* v. *Administrator*, 107 Ohio App. 86; *House* v. *B. U. C.*, 107 Ohio App. 400; *Van Meter* v. *Segal-Schadel Company*, 2 Ohio App. 2d 25, 5 Ohio St. 2d 185.

Appellant seeks to neutralize the application of these authorities by claiming: (1) that the address to which the order was mailed was not the last known post office address for him and (2) that there was improper service of the notice of the order because appellant's counsel was not served with a copy of the order.

Contention No. 1 does not square with the facts in evidence. Appellant testified that he had resided on Chillicothe Road until November of 1966 when he moved to East 361st Street. He did not notify the bureau or the post office of this change of address. However, on March 6, 1967, and subsequently, he continued receiving mail at the Chillicothe Road address. There is nothing in the record indicating that the bureau had any suspicion whatever of appellant's move. On the contrary, it seems evident that its first knowledge of a change of address came from the April 14, 1967, letter from appellant's counsel to the bureau which, for the first time during

the various exchanges between the bureau and counsel, contained the East 361st Street address.

With respect to appellant's second contention the bureau concedes that no copy of the March 6, 1967, order was sent appellant's counsel. But the bureau argues that none was necessary, that it was enough that notice was mailed to appellant himself according to the statute. It is appellant's claim that Section 119.07, Revised Code, required the department send a copy of the order to his counsel; further, he suggests by implication in his argument that due process required it even if the statute did not.

There is generally a strong sentiment on the part of any judge reviewing the procedures of an administrative agency to require that copies of all notices sent an applicant be sent his counsel when that counsel is known. Mere common sense and a desire to work simple justice for people unacquainted with the complexities of administrative procedures, time limitations and the like, would seem to dictate it. In this case the record is abundant with reference in the bureau's files to appellant's counsel.

The bureau was fully aware that the firm of Clair & Wiles was representing him as far back as October of 1966. It is most strange that prior to March 6, 1967, and the making of the order so vital to appellant's rights the department sought and received co-operation of counsel, conversed and corresponded with them, and yet failed to notify them when the order was made.

The ten-day limitation period for the filing of the application for reconsideration is so short as to permit no hesitation on the part of an appellant and yet, the decision whether to apply or not apply is one which deserves legal counselling. The bureau is surely not required to provide this counselling, nor could it be objective if it did; nor is it obliged to refer an applicant to any particular counsel for this advice, nor even extend the period of time for reconsideration while he secures such professional advice.

But it is not too much to expect that the bureau will

advise counsel known to them that the order has issued and the date when an application must be filed, by serving a copy of the order upon them.

But notwithstanding this sentiment in favor of notice upon attorneys, the court is satisfied there is no law which at this time requires the bureau to do so. Section 119.07, Revised Code, clearly is inapplicable since Section 119.01, Revised Code, provides that the entire chapter does not affect unemployment compensation proceedings; moreover, it is not applicable since this requirement of notice to counsel is only as to the results of hearings.

Respecting his invocation of due process, counsel for appellant cites no authority of any kind supporting his claim that notice upon counsel was required in satisfaction of the appellant's basic, constitutionally-protected rights. The phrase itself has not the properties of a magic incantation. There must be some substantial denial of a procedural right which works a manifest injustice before an administrative procedure established by statute is declared inadequate. The 14th Amendment of the U. S. Constitution does not control the power of a state to determine by what process legal rights may be asserted or legal obligations enforced. So long as the method of procedure adopted gives reasonable notice and affords a fair opportunity to be heard before issues are decided it is proper. *Beckenstein* v. *Shott*, 92 Ohio St. 29; *Caldwell* v. *Carthage*, 49 Ohio St. 334.

The notice the bureau gave in this case was in accordance with the requirements of law, neither more nor less. It is for a higher court to say, if it will, that less was given here than due process required or that more was necessary than was given.

*Decision affirmed.*