CORTWRIGHT, Appellant,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW et al., Appellees.

[Cite as *Cortwright v. Unemp. Comp. Bd. of Review* (1990), 64 Ohio App.3d 696.]

Court of Appeals of Ohio,
Ashtabula County.

No. 88–A–1384.

Decided Jan. 16, 1990.

*Betty Grdina,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Jerome C. Webbs,* Assistant Attorney General, for appellee Unemployment Compensation Board of Review.

*Carl Muller,* for appellee Premix, Inc.

———

JOSEPH E. MAHONEY, Judge.

The plaintiff-appellant, Edith Cortwright, was terminated from her employment by appellee, Premix, Inc. Appellant filed for unemployment compensation. On January 17, 1984, the administrator determined that she had been discharged for just cause and thus was not entitled to receive any benefits. On April 4, 1984, a referee hearing was held at which the administrator's decision was affirmed.

Appellant appealed the referee's decision to the Unemployment Compensation Board of Review, which scheduled a hearing for May 22, 1985. On May 22, 1985, appellee, Premix, Inc., was granted a continuance in order to obtain counsel, and the hearing was rescheduled for December 30, 1985. Prior to December 30, appellee requested and was granted another continuance; consequently, the hearing was rescheduled for October 22, 1986.

On October 16, 1986, appellee requested a third continuance and the October 22, 1986 hearing was postponed informally via telephone. Both claimant and her attorney were notified of the postponement. However, on October 21, 1986, appellant, unhappy with yet another postponement, called the referee and requested that the hearing proceed on October 22 as scheduled. The referee granted appellant's request and rescheduled the hearing for the following day, October 22, 1986.

The referee notified appellee's attorney and told the appellant to notify her own attorney that the hearing was to proceed as scheduled.

Appellant telephoned her attorney and notified her that the hearing was on for the next day. However, appellant's attorney was still under the impression that the hearing was postponed since she had not received any official notification from the Unemployment Compensation Board of Review.

As a result, appellant was convinced by her own counsel that the hearing was postponed and would not be held the next day. Consequently, neither appellant nor her attorney appeared at the hearing on October 22, and thus the board of review dismissed the appeal.

On January 20, 1988, the board of review held a hearing to determine if appellant had good cause for her failure to appear on October 22, 1986. On May 7, 1987, the board ruled that appellant did not have good cause for not appearing and thereby finalized the October 22, 1986 dismissal of the appeal.

On May 17, 1988, the common pleas court affirmed the decision of the board of review.

Appellant timely appealed the trial court's order, and she asserts the following assignments of error:

"I. The Trial Court erred in affirming the decision of the Unemployment Compensation Board of Review, which erroneously sustained the dismissal of claimant Cortright's appeal, where claimant's attorney did not receive appropriate notice of the scheduled hearing. The Board's decision was contrary to law, unreasonable and contrary to the manifest weight of the evidence.

"II. The trial court erred in affirming the Board of Review decision, where the undisputed factual record supported claimant's 'good cause' for failure to appear."

In her first assignment of error, appellant argues that the trial court erred in sustaining the dismissal of appeal rendered by the Unemployment Compensation Board of Review where her attorney did not receive appropriate notice of the scheduled hearing. Appellant further argues that the board's decision was contrary to law, unreasonable and contrary to the manifest weight of the evidence.

In essence, appellant argues that R.C. 4141.28 and due process required that her attorney be notified by the board of review of the rescheduled hearing.

R.C. 4141.28(J) states in pertinent part:

"When an appeal from a decision on reconsideration of the administrator or deputy is taken, *all interested parties* shall be notified and the board or a referee shall, after affording such parties reasonable opportunity for a fair hearing, affirm, modify, or reverse the findings of fact and the decision of the administrator or deputy in the manner which appears just and proper. * * *" (Emphasis added.)

R.C. 4141.01(I) defines "interested party" as " * * * the administrator and any party to whom notice of a determination of an application for benefit rights or a claim for benefits is required to be given under section 4141.28 of the Revised Code."

Nowhere does R.C. 4141.28 state that attorneys are within the definition of "interested party."

In *Blanchard v. Bur. of Unemp. Comp.* (1968), 14 Ohio Misc. 181, 43 O.O.2d 414, 237 N.E.2d 923, the court decided that due process did not require that the bureau send notice of a final decision to a claimant's attorney. Although the court expressed sentiment in favor of notice upon attorneys, it nonetheless held that neither law nor due process required such notice.

The record reflects and appellant admits in her brief that she spoke to the referee and requested that the hearing be held on October 22, 1986. At this point the referee had fully complied with R.C. 4141.28(J). Furthermore, appellant admits that she personally called her attorney and notified her that the referee agreed to proceed with the hearing on October 22, 1986.

The record clearly shows that both appellant and her attorney had notice of the hearing; therefore, the first assignment of error is without merit.

Appellant's second assignment of error is really a subissue of the first assignment of error. Appellant essentially argues that failure to provide notice that the hearing was to continue as originally scheduled constitutes "good cause" for her failure to appear at the hearing.

As was already stated in our discussion of the first assignment of error, appellant had notice of the hearing as required by R.C. 4141.28. Therefore, the second assignment of error is without merit.

For the reasons stated herein, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and FORD, J., concur.