## McCOY, Plaintiff-Appellee, v STATE EMPLOYMENT BUREAU, ET, Defendants-Appellants.

Ohio Appeals, First District, Hamilton County.

No. 6794. Decided May 26th, 1947.

Anthony J. Brueneman, Jr., for plaintiff-appellee.
Hugh S. Jenkins, Attorney General, Columbus, and John

M. Woy, Asst. Atty. General, Columbus, for defendants-appellants.

## OPINION

By MATTHEWS, PJ.

This is an appeal from a judgment of the Common Pleas Court reversing an order of the Board of Review of the Bureau of Unemployment Compensation dismissing the appellee's appeal from the decision of the Administrator disallowing her claim for unemployment benefits.

In her claim for benefits she gave her address as R. R. No. 1, Sharonville, Ohio. On October 30th, 1945, her claim was denied on the ground that she had been referred for work on September 21st, 1945, and that she was not available for work on that date. On November 9th, 1945, she requested a reconsideration, again giving her address as R. R. No. 1, Sharonville, Ohio. On December 27th, 1945, on reconsideration, she was again denied benefits for the same reason, and, on the same day, notice of such denial was placed in the Post Office at Columbus in an envelope, properly addressed to her at R. R. No. 1, Sharonville, Ohio. This notice reached the Sharonville Post Office, but, for some reason, was not delivered to her, but was returned to the sender.

On the 18th of January, 1946, the plaintiff filed a notice of appeal to the Board of Review and assigned as a reason for the delay that she never received the notice mailed to her on December 27th, 1945. She stated in her notice of appeal that she had moved on November 26th, 1945, that she had notified the Postmaster at Sharonville, Ohio, on that date and that she had been "receiving mail transferred from here."

The Board of Review held that the plaintiff had failed to "fulfill the requirements of §1346-4 GC, entitling such party to an appeal to the Board of Review, and the Board does not acquire jurisdiction to hear and determine said appeal on its merits" and on that holding the Board ordered that the appeal "be and the same is hereby dismissed."

The appeal was duly taken to the Common Pleas Court from that order.

By §1346-4 GC, it is provided that the administrator shall notify the claimant promptly of his decision and the reasons therefor, and that the claimant may appeal and secure a hearing before a referee, but that "Unless a person so notified files an appeal—within ten calendar days after such notification was delivered to such person or was mailed to the last known post office address of the appellant, such decision of the administrator or deputy shall be final and benefits shall be paid or denied in accordance therewith."

On the subject of appeal from the referee's decision to the Board of Review, it is provided by the same section that "The parties shall be notified of the referee's decision and the reasons therefor, which shall be deemed the final decision of the board unless, within ten days after such notification was mailed to the last known post office address of the parties" the board permits a further appeal, and it is further provided that when the board permits a further appeal or hearing "The parties shall be notified of the board's final decision ————, by mail addressed to the last known post office addresses of the parties."

The record, therefore, presents the question of whether time begins to run against an appeal from the time the notice was mailed regardless of the fact that the notice was not actually delivered to the addressee.

The statute seems to furnish a conclusive affirmative answer to this question. An attempt to analyze the statute instead of clarifying would only obscure what is already clear.

In 42 Am. Jur., 48, it is said: "Service of Process by Mail, when authorized is deemed complete when the writ is deposited in the post office, properly addressed and with the proper amount of postage. And it is sufficient if it is deposited in the mail on the last day allowed for service, although it is not received by the other party until after that day." See, Carlson v Stuart, 18 Anno. Cases, 285 (22 S. Dak. 56) in a footnote to which we find this statement: "Service by mail properly made in compliance with statute is complete from the time the notice or other paper to be served is deposited in the post office with the proper amount of postage, and the risk of failure of the mail is upon the party to whom the paper is addressed."

The syllabus of Hurley v Olcoot, 23 L. R. A. (N. S.), 238 (198 N. Y. 132; 91 N. E. 270) is:

"Failure of the employer to receive the notice is immaterial where a statute providing for service of notice of injury for which the master is to be held liable states that it may

be served by post, by letter addressed to the person on whom it is to be served."

And at page 239, the Court says:

"In many cases the statute provides that notice may be served by mail. Such is the provision as to service of papers on the attorneys in an action, and it has been uniformly held that the service was effective when the papers were properly mailed, regardless of their receipt by the adverse party. The risk of miscarriage is with the party to whom they are directed. Jacobs v Hooker, 1 Barb. 71; Brown v Briggs, 1 How. Pr., 152; Radcliffe v Van Benthuysen, 3 How. Pr. 67."

The plaintiff in her claim for benefits set forth her address as "R. R. No. 1, Sharonville, Ohio." While she changed her residence, she never informed the defendant of such change and her original address remained unrevoked on the defendant's record. It did its full duty when it mailed notice to her at that address. Failure to actually receive the notice did not result from any default on the part of the defendant, but did result from the act of the plaintiff in moving and of the Postmaster in failing to forward the notice.

As the plaintiff failed to file her notice of appeal within the time prescribed by the statute, the Board of Review had no jurisdiction to pass upon the merits of her claim for benefits and did not err in dismissing her appeal.

We are of the opinion that the Court of Common Pleas erred in reversing the order of the Board of Review.

For these reasons, the judgment of the Court of Common Pleas is reversed, and the order of the Board of Review, dismissing the plaintiff's appeal, is affirmed.

ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.