HOUSE, Claimant-Appellee, v. BUREAU OF UNEMPLOYMENT COMPENSATION et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24507.   Decided October 15, 1958.

Centa & Centa, for claimant-appellee.

William Saxbe, Atty. Genl., Richard F. Patton, for defendants-appellants.

## OPINION

By SKEEL, PJ.

This appeal comes to this court on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County reversing a decision of the Board of Review, Bureau of Unemployment Compensation, and remanding the case for further proceedings.

The action is one in which the plaintiff-appellee filed an application for determination of benefit rights with the Bureau of Unemploy-

ment Compensation. He had been employed by Quaker City Life Insurance Company. He left his employment with the Insurance Company on November 12, 1955 and filed his application for the determination of benefit rights with the Bureau on November 22, 1955. The administrator granted or allowed appellee's application for unemployment compensation on December 15, 1955. The employer, Quaker City Life Insurance Company, filed an application for reconsideration by the administrator on December 22, 1955, and on January 30, 1956, the administrator, on redetermination, disallowed the applicant's claim, thus reversing the initial decision and ordered the claimant to return $198.00, the total amount of benefits received by the applicant to the date of the disallowance of the claim.

On February 7, 1956, the claimant gave notice of appeal from the decision of the administrator on reconsideration entered January 30, 1956, and upon notice, hearing was set before the referee in Cleveland on February 27, 1956. A record was taken of the evidence which was transcribed and is now a part of the transcript and on March 6, 1956, the referee, acting for the Board of Review of the Bureau of Unemployment Compensation, affirmed the decision of the administrator entered January 30, 1956, in which entry the claim of the applicant was disallowed. The referee's decision sets out a finding that claimant's entire base period of employment was in non covered employment (independent contractor) as the basis for disallowing the claim and ordered the claimant to return benefits received by him of $198.00. Notice of the referee's decision having been given on March 6, 1956, the applicant made application for leave to institute further appeal from the decision of the referee on March 15, 1956, and on September 20, 1956, the Board, one member dissenting, disallowed the application to institute further appeal.

Thereupon on October 18, 1956, twenty-eight days after the adverse decision of the Board, the claimant filed a notice of appeal with the clerk of the Court of Common Pleas of Cuyahoga County. The notice of appeal filed with the court was also mailed to all interested parties. It set out September 5, 1956 as the date upon which the Board of Review disallowed applicant's application to further appeal to the Board, which, as shown by the record, was in error, the correct date being September 20, 1956. Inasmuch as the error would be the subject of amendment upon request, no consideration will be given to the error in stating the date of the Board's decision contained in the notice of appeal.

The court, upon hearing the appeal on the record, found that the decision of the Board of Review, Bureau of Unemployment Compensation, dated September 20, 1956, was unreasonable, unlawful and against the manifest weight of the evidence as claimant's notice of appeal, dated March 15, 1956, was sufficient to grant a rehearing to said claimant and was sufficient notice of intention to appeal any adverse decision to the Court of Common Pleas. The court then, for the reasons given, reversed the decision of the Board of Review, dated September 20, 1956, and remanded the case to the Board of Review for the purpose of having a rehearing record made to permit claimant-appellant (in Court of Common Pleas) to institute further appeal at appellees' costs.

Sec. 4141.28 R. C., spells out each step to be taken by an applicant for benefits or by an employer or other interested party affected by a decision of an administrator, a referee or the board under the act providing for unemployment compensation administered by the Bureau of Unemployment Compensation.

An application must be filed with the administrator (deputy, etc.) by one claiming to be eligible for benefits. The administrator, after notifying the employer or employers involved in the base pay and demanding a statement of the employer's side of the case, and otherwise informing himself of the facts, determines the applicant's rights to benefits and notifies all interested parties of his decision. Any interested party dissatisfied with and affected by the decision may, within ten days of notice of such determination, file in writing a request, thereby seeking a reconsideration of the administrator's determination. The administrator must re-examine the case and enter a decision of his redetermination upon reconsideration and all interested parties must be notified of the administrator's decision on reconsideration. Any interested party affected thereby may appeal such decision on redetermination, within ten days of notice thereof, to the Board of Review, Bureau of Unemployment Compensation, by giving notice in writing filed with the board or administrator stating the reasons therefor. Notice of such appeal shall be given to all interested parties by the administrator. The referee shall then afford a fair hearing, recording the evidence and render his decision, either affirming, modifying or reversing the decision of the administrator on redetermination, and in entering his decision, he must give the reasons therefor. Notice of such decision by the referee must be given to all interested parties. Any interested party affected thereby may, within ten days of notice of such decision by the referee, file an application with the board to further appeal to the board or the board, upon its own motion, may "transfer the claim to itself." The board may either hear the case on its merits or refuse further appeal and notice of the board's decision must be given to all interested parties. Any interested party affected by the board's decision, if he then desires to appeal to the court of common pleas, must, within ten days of the board's decision, file with the board notice requesting a rehearing and setting out his intention to appeal to the court of common pleas. Notice to all interested parties must be given, setting forth the time and place of such hearing. The board shall thereupon afford all interested parties a rehearing and cause a record of the evidence to be made. All interested parties shall be notified of the board's decision on rehearing and the reasons therefor. Upon notice of the board's decision on rehearing, an interested party may appeal such decision to the court of common pleas upon filing a notice of appeal with the clerk of the court of common pleas of the county wherein such appeal may be brought within thirty days of notice of the board's decision on rehearing and by giving such notice to the board and all appellees by registered mail. Such notice shall set forth the decision appealed from and the errors claimed.

The recital of the many steps necessary to secure or defend against

claims for unemployment compensation indicates that one not experienced in statutory interpretations could get lost along the way "with the greatest of ease." Just why five separate considerations and reconsiderations should be required to finally have a claim submitted to a court where an interested party feels aggrieved by the decision of an administrative agency in a matter that should be decided with dispatch, is difficult to understand. It must, however, be remembered that the means by which claims for unemployment compensation are to be presented and processed is a legislative matter and when the requirements are clearly expressed in the statutes, the courts are compelled to require that each step is followed with reasonable accuracy.

The applicant in this case completely omitted the last step to be taken before the administrative agency, as provided by §4141.28 R. C., as a prerequisite to an appeal to the court. Before seeking relief by appeal to the court of common pleas, an applicant or any party affected and dissatisfied with the order or decision of the board, if he desires to appeal to the court of common pleas, shall be required, within ten days of notice of such order or decision of the board, to give notice of his intention to appeal such order or decision to the court of common pleas and request a rehearing. Whereupon the board must, upon proper notice to all parties, grant such party a "fair hearing." A record of the testimony taken at the rehearing shall be made but need not be transcribed unless the claim is appealed to the court.

The statute then provides that any interested party, within thirty days after notice of the decision of the board on rehearing, may appeal such decision to the court of common pleas (the statute fixing the county in which such appeal is to be taken) by notice of appeal filed with the clerk of the court, the board and all interested parties in the manner provided by the statute.

Until all of the procedural steps are taken before an administrative agency, as are provided by law, the court of common pleas cannot acquire jurisdiction of the subject matter of the action.

Here the order of the Court of Common Pleas is to return the case to the Bureau and afford the claimant a hearing, which by statute is allowed only if notice is given within ten days from notice of the decision of the Board. The limitation of time within which such last appeal before the board is to be taken is jurisdictional and the court of common pleas is not vested with authority to direct that such hearing shall be had after the time provided by law has passed.

The order of the Court of Common Pleas is, therefore, reversed and final judgment is entered for the appellant.

HURD and KOVACHY, JJ, concur.