KNOLL, APPELLEE, v. DUDLEY, ADMR., BUREAU OF
UNEMPLOYMENT COMPENSATION, ET AL., APPELLANTS.

[Cite as Knoll v. Dudley, 20 Ohio App. 2d 339.]

(No. 10888—Decided September 8, 1969.)

*Mr. Norbert E. Miller,* for appellee.
*Mr. Paul W. Brown,* attorney general, and *Mr. Ronald
C. Morgan,* for appellants.

HESS, J. This is an appeal from a final order of the
Court of Common Pleas of Hamilton County overruling a
motion for reconsideration of its previous decision which
reversed the decision of the Board of Review, Bureau of
Unemployment Compensation.

The record discloses the following history and facts:

On December 21, 1966, the administrator decided that
the claimant (hereinafter referred to as appellee) had quit
her employment without just cause and was not entitled
to benefits.

On December 27, 1966, the administrator reconsid-

ered his previous decision of December 21, 1966, and affirmed it, and a copy of this decision was mailed to the appellee on December 29, 1966.

On January 10, 1967, more than 10 days after the administrator's decision on reconsideration had been mailed to the appellee, the appellee filed an appeal.

On January 27, 1967, the appeal was heard by a referee, and, on February 1, 1967, the referee issued a decision which reversed the previous decision of the administrator. The referee held that claimant's appeal was timely filed because it had been misdelivered and then was returned to the bureau and, therefore, it was not constructively delivered to the appellee on the date of its mailing, December 29, 1966.

On February 8, 1967, the administrator filed an application to institute a further appeal from the referee's decision, which application was allowed by the board of review on April 11, 1967.

On April 28, 1967, the board of review issued a decision reversing the referee's decision of February 1, 1967, and holding that appellee's appeal dated January 10, 1967, addressed to the administrator's decision on reconsideration of December 29, 1966, was untimely and that, therefore, the referee had no jurisdiction to review the matter on its merits. The board dismissed the appeal and held that the administrator's decision of December 29, 1966, had become final.

On May 5, 1967, the appellee filed a notice of appeal from the board of review's decision in the Court of Common Pleas of Hamilton County.

On March 5, 1969, the Court of Common Pleas of Hamilton County reversed the decision of the board of review holding that notice to the appellee was January 3, 1967 (instead of December 29, 1966), and that appellee's appeal, which was filed on January 10, 1967, was within the 10-day statutory limitation to file such an appeal and referred such case back to the bureau for further determination.

On March 12, 1969, the appellant filed a motion in

the Court of Common Pleas of Hamilton County requesting the court to reconsider its previous decision.

On March 26, 1969, the Court of Common Pleas of Hamilton County reconsidered its previous decision and affirmed it.

On April 24, 1969, the appellant filed its notice of appeal to the Court of Appeals for Hamilton County, which matter is now before this court for decision.

Appellee has resided at her present address, 2996 Gilbert Avenue, Cincinnati, Ohio, at all times in issue.

On December 27, 1966, a hearing was held before the administrator, and the appellee was present. On December 29, 1966, a copy of the decision of this administrator's hearing was mailed to the appellee at 2996 Gilbert Avenue, Cincinnati, Ohio 45206.

Appellee's correct name and address appeared on the copy of this correspondence, which was retained by the Bureau of Unemployment Compensation and is a part of the official transcript.

Appellee denies receiving this correspondence in the mail but does admit that she received it no later than January 3, 1967.

That correspondence sets forth what the right of appeal of the appellee was:

"If you consider this decision to be incorrect as to facts or law or because you have additional facts which might affect the decision, you may file an appeal in person or by writing to the local office indicated in Item 5 above (1916 Central Parkway, Cincinnati, Ohio), or by mailing directly to the Board of Review, 145 S. Front Street, Columbus, Ohio 43216. Such appeal must be filed in writing within ten (10) days after the 'Determination Mailed' date shown in Item 6 above (December 29, 1966). Claimant's social security number must be included in all correspondence. The local office will give you any assistance necessary."

Appellee filed her notice of appeal from the decision which was mailed to her on December 29, 1966, on January 10, 1967,

Appellee's attorney of record filed a subsequent appeal on her behalf on January 13, 1967.

Appellee's attorney of record states that during the first week of January 1967 a man named "Julius Brockman" brought him a copy of the decision mailed to the appellee at her Gilbert Avenue address by the board on December 29, 1966.

The controlling issues to be determined are whether the decision of the board of review that the appellee's notice of appeal on January 10, 1967, was untimely as to the administrator's decision on reconsideration of December 29, 1966, is unlawful, unreasonable or against the manifest weight of the evidence, and whether the failure of the Court of Common Pleas to find that the decision of the board of review was unlawful, unreasonable or against the manifest weight of the evidence, prior to submitting its judgment for that of the board of review, is reversible error.

The record in this case fails to disclose that the decision of the board of review was unlawful, unreasonable or against the manifest weight of the evidence. With this determination we direct our attention to Section 4141.28 (H), Revised Code, to ascertain whether the claimant perfected her appeal to the board of review within the time therein prescribed.

Section 4141.28 (H), Revised Code, provides: "Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within ten calendar days after such notification was delivered to such person *or* was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith. * * *" (Emphasis added.)

The evidence is uncontroverted that the decision of the board of review was mailed to the appellee at her last known address on December 29, 1966. That letter included the notice that the claimant had ten calendar days after the "'Determination Mailed" date (December 29, 1966)

within which she must file an appeal in writing if she desired to appeal the decision of the board of review.

The appellee's appeal was not filed within the ten calendar days following the mailing of the notice by the board of review.

The Court of Common Pleas determined that the appellee did not get notice of the final action of the board in which it disallowed her claim until January 3, 1967, and that since her appeal was filed on January 10, 1967, the appeal was within the period of ten calendar days provided by statute.

It will be observed that Section 4141.28 (H), Revised Code, has two disjunctive provisions limiting the time within which an appeal may be made to the board of review: one, "within ten calendar days after such notification was delivered," and, two, ten days after such notice "was mailed to the last known post office address of the appellant."

It would appear that the first portion of Section 4141.-28 (H), Revised Code, would apply in the event the decision of the board of review was delivered other than by the use of mail, and the second part is applicable when the decision of the board is mailed to the last known address of the claimant.

The right to an appeal is statutory, and the time-limit provision of the statute is mandatory. *Zier* v. *Bureau of Unemployment Compensation,* 151 Ohio St. 123. This court, in the case of *McCoy* v. *Bureau of Unemployment Comp.,* 81 Ohio App. 158, found that when the "claimant failed to file her notice of appeal within the time prescribed by statute, the board of review has no jurisdiction to pass upon the merits of her claim for benefits and did not err in dismissing her appeal."

The *Yount case,* No. 16646, Preble County Court of Common Pleas, holds that the time allotted by statute for appeal starts to run from the date of the mailing of the decision. The facts in that case are almost identical with the instant case.

The fact that appellee may not have received the notice of the action of the board of review mailed to her on De-

cember 29, 1966, until January 3, 1967, did not relieve her of the necessity of filing her appeal within ten calendar days after the mailing of the decision on December 29, 1966.

The Court of Common Pleas exceeded its authority in the instant case when it concluded the appellee had ten calendar days after January 3, 1967, to file her notice of appeal. It is obvious that the board of review lost jurisdiction when the claimant failed to file her notice of appeal within the time prescribed by statute.

The judgment and finding of the Court of Common Pleas is reversed, and final judgment is entered in favor of the appellant.

*Judgment reversed.*

SHANNON, P. J., concurs.
HILDEBBRANT, J., not participanting.