WYCUFF, APPELLANT, *v.* FOTOMAT CORP. ET AL., APPELLEES.

(No. 73AP-126—Decided September 4, 1973.)

APPEAL: Court of Appeals for Franklin County.

*Messrs. Thompson, Swope, Burns & Biswas,* for appellant.
*Mr. William J. Brown,* Attorney General, and *Mr. John Livorno,* for appellees.

STRAUSBAUGH, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County, affirming the decision of the board of review, Ohio bureau of employment services which found that the appeal to the board by appellant was not timely made.

The facts in the appeal before this court are not disputed. The appellant, Terry Wycuff, filed a claim for unemployment compensation benefits on November 25, 1970. A determination dated January 4, 1971, held that the appellant was not entitled to unemployment compensation benefits and her claim was disallowed.

On January 14, 1971, the appellant requested a recon-

sideration of the January 4, 1971, determination. Thereafter, an administrator's reconsideration decision dated, and mailed Thursday, January 22, 1971, affirmed the administrator's decision denying benefits. The board of review, in its findings of fact, found that the administrator's reconsideration decision was received by appellant on the following Monday, January 25, 1971. It also found as follows:

"She read the body of that determination on reconsideration and also read the printed paragraph at the bottom of her copy entitled appeal rights. However, she stated that she did not fully understand the printed paragraph. Despite that fact, she did not go to anyone to have the printed paragraph explained to her. She stated that she counted ten days from the Monday when she received her copy of that decision on reconsideration, and determined in her own mind that she would have that period of time in which to file her appeal. She was working at the time which seemingly was her reason for doing nothing about it until February 3, 1971, when she filed her appeal * * *."

February 3, 1971, was twelve days after the decision was mailed and eight days after its receipt by appellant. On February 17, 1971, the board dismissed claimant's application to appeal the administrator's reconsideration decision on the grounds that claimant's application was not timely filed, pursuant to R. C. 4141.28(H) and Rule UCr-13-01 of the rules of procedure of the board of review. Thereafter, on March 17, 1971, the appellant was afforded a hearing on the issue of timeliness. On March 19, 1971, the board mailed a notification to claimant that her notice of appeal was not timely made. On March 25, 1971, appellant filed an application to institute a further appeal before the board which was disallowed on May 19, 1971. Thereafter, she appealed to the Court of Common Pleas of Franklin County, Ohio, which court affirmed the decision of the board of review. It is from that judgment that this appeal is taken.

Appellant's first assignment of error is:

"The lower court erred in affirming the decision of the

Board of Review, which disallowed plaintiff-appellant's application to institute a further appeal because said application was not filed within the statutory ten-day appeal period set forth in Section 4141.28 (H) of the Revised Code, on the grounds that the lower court did not properly construe the point of time at which said statute begins to run.''

Appellant's second assignment of error is:

''The lower court erred in affirming the decision of the Board of Review as set forth above, and in that sense, affirming Rule UCr-13-01 of the Rules of Procedure of the Board of Review, which interprets the time limitations set forth in Section 4141.28 (H) of the Revised Code, on the grounds that said rule is in direct conflict with the appeal rights as they were created under Section 4141.28 (H) of the Revised Code, and further that said rule of procedure is a violation of plaintiff-appellant's right to due process of law as guaranteed by the Federal Constitution.''

R. C. 4141.28(H) provides:

''Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within ten calendar days after such notification was delivered to such person or was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith. * * *''

Rule UCr-13-01 of the rules of procedure of the board of review provides:

''Notice of appeal by an interested party must be filed not later than ten (10) calendar days after a copy of the decision appealed from is personally delivered or is mailed to the party's last known post office address, except in cases under Chapter 23, in which the notice of appeal by an interested party must be filed not later than thirty (30) calendar days after a copy of the decision appealed from is personally delivered or is mailed to the last known post office address of the party. Notice of appeal may be either mailed or delivered. If notice of appeal is mailed, it must

be postmarked before midnight of the tenth day; if delivered, it must be received at one of the offices named in UCr-5-01 before the closing time of the office on such tenth day. In computing the period of time within which an interested party may file an appeal, or an application, within a limited number of days specified in these Rules of Procedure, such period shall begin at 12:01 A. M. on the day next following the date on which notice of decision or other notice is personally delivered or is mailed to his last known post office address and shall extend for the number of days specified above. When the last day of the period of appeal referred to above falls on a Saturday, Sunday, or on a legal holiday, the period shall extend to and include the next day which is not a Saturday, Sunday or a legal holiday.''

The attorney for appellees, in support of his position, cites two cases from the Court of Appeals for Hamilton County, *McCoy* v. *Bureau of Unemployment Compensation* (1947), 81 Ohio App. 158 and *Knoll* v. *Dudley* (1969) 20 Ohio App. 2d 339. He also cites *Zier* v. *Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123. In *Zier, supra,* Judge Matthias stated at page 127:

''* * * compliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute—are all conditions precedent to jurisdiction.

''The notice of appeal involved herein is not sufficient to meet the requirements of the statute in that it fails to set forth the decision appealed from or the errors therein complained of.''

There is no question that where a right to appeal is conferred by statute, such appeal can be perfected only in the mode prescribed by said statute. However, that case is not helpful in the construction of the language used in the statute herein. In *McCoy,* the Court of Appeals for Hamilton County held that an applicant for unemployment compensation, whose claim has been denied, in order to appeal to the board of review must file a notice of appeal within ten days of the mailing of a notice of the rejection of her

claim to her at her last known post office address, and that where a claimant has changed her residence but has not notified the bureau of unemployment compensation of such change, the failure of the postmaster to forward the notice to her new address does not prevent the running of the time for appeal from the date of the mailing of the notice. We would agree with the law as set forth by the court in that case that where the claimant does not receive the notice because of the failure of the claimant to notify the bureau of unemployment compensation of a change of address, the time of running of the appeal dates from the date of the mailing of the notice. We find, however, that where the claimant has received the notice, the running of the time for appeal dates from the receipt by claimant of the notice. Our decision in this respect is in conflict with the second paragraph of the syllabus of the Court of Appeals for Hamilton County in *Knoll* v. *Dudley, supra,* which reads as follows:

"Where a claimant for unemployment compensation does not file his notice of appeal to the Unemployment Compensation Board of Review within 10 days after notice of the administrator's decision on reconsideration is *mailed,* such notice of appeal is untimely filed, and the board of review is without jurisdiction to entertain the attempted appeal."

Our decision is in agreement with the law as set forth by the Court of Common Pleas of Cuyahoga County, in *Granakis* v. *Bureau of Unemployment Compensation* (1967), 12 Ohio Misc. 86, wherein the court held that a claimant for unemployment compensation benefits may file an application for a reconsideration of the administrator's determination of his claim of benefits within ten calendar days after notice of such determination was delivered to the claimant, even though such application was filed more than ten calendar days after such notice of determination was mailed to the claimant. The court bases its decision upon dictum contained in the case of *House* v. *Bureau of Unemployment Compensation* (1958), 107 Ohio App. 400, at page 402.

Support for a liberal construction of the statute in question is found in the first paragraph of the syllabus by the Supreme Court in *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185, wherein the court held:

"Statutes providing for appeals and for proceedings with respect to appeals and for limitations on the right of appeal are remedial in nature and should be given a liberal interpretation in favor of a right of appeal. (Section 1.11, R. C., applied.)"

The language of R. C. 4141.28(H) is ambiguous. It requires an appeal to be filed "within ten calendar days after such notification was delivered to such person or was mailed to the last known post office address of the appellant." In all cases where the notice is mailed and received, there has been a "delivery" of the notice.

In this case the appeal was filed within ten days after the notification was "delivered" but not within ten days after it was mailed. In *Knoll*, the court interpreted the word "delivered" to "apply in the event the decision of the board of review was delivered other than by use of mail." However, that very language points out the ambiguity and the fact that where notice is mailed and received it is also delivered. We find nothing in the statute which limits delivery to means other than mail.

When liberally construed in favor of the right of appeal, the statute means that in the absence of evidence of the date of delivery, the date of mailing controls the commencement of the period for appeal. However, where the date of delivery is proven by competent evidence, the date of delivery controls.

To interpret the statute in the manner suggested by appellee would create different classifications without any reasonable basis. Thus, where the board chose to deliver notification personally to an interested party, such party would have a full ten days after actual notice of the decision in which to appeal. But if the board chose to mail the notification, the interested party would have a lesser period of time after actual notice of the decision in which to appeal, or perhaps no right of appeal if actual notice was

not received within ten days after mailing. We do not mean to imply that the appeal time cannot be made to commence upon mailing, but, rather, to indicate that all interested parties must be afforded an equal opportunity to appeal and to construe the statute to effectuate that requirement.

For the foregoing reasons, appellant's assignments of error are both sustained and the decision of the common pleas court is reversed and the cause remanded for further proceedings in accordance with law and this decision.

*Judgment reversed and cause remanded.*

TROOP, P. J., and WHITESIDE, J., concur.