ADAMS, APPELLEE, *v.* GILES, ADMR., ET AL., APPELLANTS. [1]

[Cite as Adams v. Giles (1978), 60 Ohio App. 2d 351.]

(No. C-77571—Decided December 13, 1978.)

*Ms. Lynn B. Crissman,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Gary L. Schneider,* for appellants.

BLACK, J. Appellant Bureau of Employment Services (OBES) claims that the Court of Common Pleas erred in reversing a decision of its Board of Review. The employee's administrative appeal to the Board of Review had been

---

[1] Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, April 20, 1979.

dismissed by the Board's referee because the employee failed to file it within the fourteen calendar day limitation set forth in R. C. 4141.28 (H).

Originally, the OBES administrator denied appellee unemployment benefits under R. C. 4141.29 (D) (2) (a) on the basis that she was dismissed from her position as grocery clerk for just cause (unexcused absence). She requested reconsideration, alleging excusable absences (an allegation which her employer's records supported), but the administrator reaffirmed his initial decision denying unemployment benefits. The record of proceedings contains a certificate that on July 6, 1976, a notice of the decision on reconsideration was sent by regular mail to appellee at her residence. She testified under oath that she never received the notice. Neither the administrator nor the referee had any direct evidence to the contrary. The state of the record suggests that the notice may have been lost in the mail and never received by appellee.

Appellee also testified under oath that on July 15, 1976, when she reported to the local OBES office for her biweekly interview, she asked about the status of the request for reconsideration. She was told that the procedure might take six to eight weeks and that she would be notified by mail. These statements ignored the fact that the notice had already been mailed on July 6, 1976.

At her next interview on July 29, 1976, at the local OBES office, appellee was told that the administrator had reaffirmed the denial of her benefits, that the notice had been mailed, that the fourteen day period of limitation had expired and that she had lost her right to appeal. The next day she filed her notice of appeal with the Board of Review requesting a hearing.

Her request was granted, but the referee considered only the timeliness of her appeal and never reached the issue of substance - whether her discharge from employment had been for just cause. Appellee was the only witness, and she told her story as above set forth. No one appeared for the employer, and no evidence about the mailing of the notice was presented other than the certificate of the mailing clerk in the OBES office. The referee, and later the Board of Review, dismissed her appeal as not timely filed. While the

official papers dismissing the appeal do not so state, the basis for the dismissal had to be that the fact of mailing raised a conclusive presumption that appellee had been duly notified of the adverse decision of the Administrator as of the day of mailing, so that the fourteen day period of limitation in R. C. 4141.28 (H) began to run that day.

Division (H) of R. C. 4141.28 reads as follows:

"Any interested party may appeal the administrator's decision on reconsideration to the board and unless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days after such decision was mailed to the last known post office address of the appellant such decision on reconsideration is final and benefits shall be paid or denied in accordance therewith."

Upon an appeal to the Court of Common Pleas, the dismissal order was reversed on the grounds that it was unreasonable and against the manifest weight of the evidence, and the case was remanded for further proceedings. We affirm. [2]

We do not read the legislative intent to be that the mere fact that a notice of an adverse administrative decision was mailed raises a conclusive presumption that the addressee received due notice. The referee, the Board of Review and the administrator all treated the mailing as equivalent to notice, apparently assuming that the mandatory language used by the General Assembly in R. C. 4141.28 (H) requires this result. We hold this is error. We cannot believe that if the notice is lost in the mail and is never found, as appears to

---

[2] This result is consistent with our prior decisions. In *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72, in considering the statutory period for appeal on the revocation of a driver's license under R. C. 4511.191 (F), we held that the period would run from the date of mailing where a delay in notification was caused by the appellant. However, our dicta was that a reasonable time to file an appeal should be permitted after actual notification, where the delay was caused solely by the postal system. *Id.,* at 77, note 9. Similarly, in *McCoy* v. *Bureau of Unemployment Compensation* (1947), 81 Ohio App. 158, actual notice was found to be unnecessary where the failure of the claimant to receive the mailed notice could be attributed to actions by both the claimant and the postal system. In *Knoll* v. *Dudley* (1969), 20 Ohio App. 2d 339, a case relied on by the referee in the case at bar, the period was held to run from the time of mailing despite a delay due to misdelivery by the postal system. There, however, the claimant had actual notification in sufficient time to allow for filing within the regular statutory period, but he failed to do so.

have happened in this case, the addressee is nevertheless charged with notice so that the fourteen day period runs despite total lack of actual notice. Such a result would not be in conformity with the provision for liberal construction of remedial laws found in R. C. 1.11, nor with the presumption of R. C. 1.47 that a just and reasonable result is intended in the enactment of the statutes. See *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185. Further, any such conclusive presumption would violate the principle of fairness mandated by the due process provision of the United States and Ohio Constitutions. See generally *Mathews* v. *Eldridge* (1976), 424 U. S. 319; *State, ex rel. Hoel,* v. *Brown* (1922), 105 Ohio St. 479; *Wallen* v. *Bd. of Review,* unreported, First Appellate District, No. C-77528, decided October 18, 1978.

We hold that the referee and the Board of Review erred in failing to recognize that R. C. 4141.28 (H) raises a rebuttable, not a conclusive presumption, from the bare fact of mailing that the claimant was in fact duly notified. The claimant is entitled to have his or her evidence heard and considered on the factual question of notice.

The referee may make a factual finding supported by evidence of probative value that the claimant had actual or constructive notice, or he may decide that the claimant had neither. In the latter event, claimant would, conceivably, have a reasonable time to perfect an appeal. In the instant case, the referee made no such finding of fact, but simply charged appellee with notice on the basis of the certificate of mailing. This was unreasonable and unlawful.

The single assignment of error has no merit. We affirm.

*Judgment affirmed.*

KEEFE, P. J., and BETTMAN, J., concur.