IN RE CLAIM OF ANDERSEN.

(No. 88AP-647—Decided November 3, 1988.)

*Charles W. Hess,* for appellee Tamara L. Andersen.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sharon D. Tassie,* for appellant.

STRAUSBAUGH, J. This is an appeal by appellant, the Administrator of the Ohio Bureau of Employment Services ("Administrator"), from a judgment of the Franklin County Court of Common Pleas reversing a decision of the Unemployment Compensation Board of Review ("board of review") which had allowed the employer's application to institute a further appeal to be filed beyond the fourteen-day filing period specified in R.C. 4141.28(L). The basis for the trial court's decision was its finding that the decision of the board of review was unlawful and against the manifest weight of the evidence.

Appellee, Tamara L. Andersen, filed an application on February 5, 1987 with the Ohio Bureau of Employment Services seeking unemployment compensation benefits. Thereafter, the Administrator found that appellee had

been terminated from her employment with Executive Medical, Inc. for just cause pursuant to R.C. 4141.29(D)(2)(a).

Upon appellee's appeal to the board of review, a hearing was held on May 27, 1987 at which time Executive Medical, Inc. did not appear. The hearing officer rendered a decision on May 29, 1987 which reversed the determination of the Administrator to deny appellee benefits. The referee found that appellee was discharged from her employment with Executive Medical, Inc. without just cause and ordered that appellee's claim for benefits be allowed commencing February 1, 1987.

This decision was apparently mailed to all interested parties at the addresses previously used for purposes of notification. However, Executive Medical, Inc. had moved from its former address located on East Broad Street to another address on East Broad Street in April 1986. Executive Medical, Inc. had failed to file a change of address with the Administrator although the address change was noted by appellee in her application for benefits. As a result, the decision of the referee rendered on May 29, 1987 was not forwarded to Executive Medical, Inc. at its new address.

Subsequently, on July 15, 1987, forty-seven days after the decision of the referee, Executive Medical, Inc. filed an application to institute a further appeal to the board of review. The basis for the application was Executive Medical, Inc.'s contention that it had not received notification of any hearings or any other matter since the original disallowance of benefits.

A hearing on the application was held before a referee of the board of review to determine whether the application had been timely filed. The board of review found that Executive Medical, Inc. had not received notice of

the referee's decision rendered on May 29, 1987, and therefore, its application to institute a further appeal must be considered timely filed. The predicate for the board's conclusion in this regard was the decision rendered in *U.A.W.* v. *Giles* (N.D. Ohio 1982), 5 OBR 300.

Appellee then effected an appeal as of right to the Franklin County Court of Common Pleas. Upon review of the decision of the board of review, the common pleas court concluded that the decision of the board of review was against the manifest weight of the evidence and unlawful. The trial court based this finding on its conclusion that Executive Medical, Inc. had not been notified of the referee's decision only as a result of its failure to notify the Administrator of its change of address.

It is from this judgment of the common pleas court that the Administrator now seeks review in this court and sets forth the following single assignment of error:

"The lower court erred in considering the question of whether non-receipt of notice of an adverse decision of the board of review was attibutible [*sic*] to the fault of the appealing party.

"1. Under the 'good cause' exception to timely filing of a notice of appeal, non-receipt of the adverse decision is, in and of itself, 'good cause.'

"2. The standard set forth by the lower court improperly creates an irrebuttable presumption that, but for his conduct, the appealing party would have received notice."

In the first branch of her argument, the Administrator asserts that the trial court erred in failing to recognize a "good cause" exception to the timely filing requirements of R.C. 4141.28(L). The basis for this assertion is the decision of the Federal District Court for the Northern District of Ohio in *U.A.W.* v. *Giles, supra.* The Admin-

istrator asserts that in applying this good faith exception, the United States Constitution requires courts to engage in a balancing test which compares the interests of the state with the interests of the individual. Such test encompasses four factors: the interest of the individual, the risk of erroneous deprivation, the public interest and possible alternative notice procedures.

The Administrator asserts that the interests of an employer are substantial since a public or nonprofit employer who elects to reimburse the fund for benefits paid is required to pay to the Administrator an amount equal to the amount of regular benefits received by the claimant plus a statutorily prescribed proportion of extended benefits which are paid and because a contributing employer has an interest in the contribution rate assigned to it which is computed in part by the benefits which are chargeable to the employer's account; that the risk of deprivation is total when a party is denied an opportunity for a hearing on whether the notice of the adverse decision was received; that the public interest would clearly be furthered by providing notice to a party who may suffer serious loss because of an adverse decision and by offering a party an opportunity to explain its failure to appeal; and that there is no additional cost associated with providing a "just cause" hearing on whether notice was received since a hearing is already provided by the board of review.

In the second branch of her argument, the Administrator maintains that the fault standard imposed by the lower court creates an impermissible irrebuttable presumption that, but for his conduct, the appealing party would have received notice. The Administrator argues that this presumption is invalid since there is no evidence that notice was attempted at the former address of Executive Medical, Inc. As such, the trial court's finding that the order of the board of review was against the manifest weight of the evidence is clearly unsupported by any evidence in the record.

This court makes two points with respect to the first branch of. the Administrator's assignment of error. First, it is not entirely clear that this court is bound by the holding of the Federal District Court for the Northern District of Ohio in *U.A.W.* v. *Giles, supra.* The Supreme Court of Ohio has held that the notice provisions contained in R.C. 4141.28 are constitutionally sound regardless of the claimant's actual notice of an adverse decision. *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187, 18 O.O. 3d 405, 414 N.E. 2d 415; *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277, 280, 18 O.O. 3d 463, 465, 415 N.E. 2d 259, 261. See, also, *Townsend* v. *Dollison* (1981), 66 Ohio St. 2d 225, 20 O.O. 3d 220, 421 N.E. 2d 146. Although the Northern District of Ohio concluded in *U.A.W.* v. *Giles* that the notice provisions of R.C. 4141.28 fail to comport with procedural due process, this court is nevertheless bound by the decisions of the Supreme Court of this state as found in *Holmes, supra,* and *McCruter, supra.*[1]

---

[1] It should be noted that the Supreme Court of Ohio has just recently analyzed the due process requirements of *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306. In setting down three rules of practice to be followed by the clerks of courts of this state regarding notices of appeals, the Supreme Court virtually paraphrased the notice requirements set forth in R.C. 4141.28(L). That is, the clerk of courts was directed to serve the notice of a judgment entry in any manner provided in Civ. R. 5, which includes mailing of the notice to a party at his last known address. *Atkinson* v. *Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, 86, 523 N.E. 2d 851,

Even if it be conceded, however, that due process requires some just cause exception to the fourteen-day appeal period, it is undisputed that in this case the employer was provided a full hearing on the issue of whether it had received actual notice of the board of review's adverse decision. The board of review concluded that Executive Medical, Inc. had not received such notice and allowed its application to institute further appeal. As such, the due process requirements set forth in *U.A.W.* v. *Giles, supra,* have been met. The common pleas court merely determined that good cause for allowing further appeal was not present in this case because the failure of notification was due solely to the failure of Executive Medical, Inc. to notify the Administrator of its change of address. That issue is wholly distinct from the issue before the court in *U.A.W.* v. *Giles.*

Therefore, the issue before this court is whether the trial court's order was in accordance with law. This court has previously stated:

"* * * We would agree with the law as set forth by the court in that case [*McCoy* v. *Bureau of Unemployment Compensation* (1947), 81 Ohio App. 158, 49 Ohio Law Abs. 310, 36

---

856-857. Significantly, the third rule set forth in *Atkinson* provides: "[o]nce the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. *The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal.*" (Emphasis added.) *Id.* at 86, 523 N.E. 2d at 857. The court then concluded that the notice provided by the new rules constitutes reasonable notice for purposes of due process analysis. *Id.* In light of *Atkinson,* it appears that the Supreme Court of this state remains convinced that notice procedures such as that set forth in R.C. 4141.28(L) pass constitutional muster.

O.O. 463, 77 N.E. 2d 76] that where the claimant does not receive the notice because of the failure of the claimant to notify the bureau of unemployment compensation of a change of address, the time of running of the appeal dates from the date of the mailing of the notice. * * *" *Wycuff* v. *Fotomat Corp.* (1973), 36 Ohio App. 2d 145, 149, 65 O.O. 2d 184, 187, 303 N.E. 2d 896, 899, affirmed (1974), 38 Ohio St. 2d 196, 67 O.O. 2d 205, 311 N.E. 2d 657.

Therefore, even if a good cause exception to the fourteen-day rule does exist, good cause is not shown where the nonreceipt of notice is due to the failure of that party to notify the Administrator of a change of address.

With respect to the second branch of the Administrator's assignment of error, there is no need to consider that issue further given our disposition of the first branch of this assignment. For all of the foregoing reasons, the assignment of error is overruled.

Having overruled appellant's assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY and BRYANT, JJ., concur.