OPINION
{¶ 1} Appellant, the Ohio Department of Job and Family Services, appeals from the October 23, 2003, Judgment Entry of the Stark County Court of Common Pleas which reversed a decision of the Ohio Unemployment Compensation Review Commission [hereinafter Commission]. Appellee is Arthur D. Fisher.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Arthur D. Fisher filed for unemployment benefits with the Ohio Department of Job and Family Services. Fisher was paid unemployment benefits. Later, it was determined that Fisher had received benefits to which he was not entitled. Accordingly, Fisher received a notice of overpayment. Appellant had 21 days or until August 2, 2002, to present an appeal of that decision.
 {¶ 3} Fisher chose to appeal. Fisher sent his appeal via the United States Postal Service. Although appellant's counsel claimed that he placed the envelope in the mail on August 2, 2002, the envelope which contained the appeal was postmarked August 3, 2002. Thus, the postmark was dated after the conclusion of the 21 day appeal period. As a result, the Commission dismissed Fisher's appeal as late.
 {¶ 4} Fisher appealed the Commission's Decision to the Stark County Court of Common Pleas. The Stark County Court of Common Pleas ruled that the decision of the commission was unreasonable. In an October 23, 2003, Judgment Entry, the trial court found that the mailing of the appeal on August 2, 2002, despite the fact that it was not postmarked until August 3, 2002, was in compliance with the spirit of the law.
 {¶ 5} Accordingly, it is from the October 23, 2003, Judgment Entry of the Stark County Court of Common Pleas from which appellant appeals, raising the following assignment of error:
 {¶ 6} "The Stark County common pleas court's decision that it was unreasonable for the ohio unemployment compensation review commission to dismiss an appeal filed one day after the due date set forth in the state's unemployment act is unlawful where the ohio supreme court has held repeatedly that an unemployment appeal filed one day late, must be dismissed as in violation of the state's unemployment act."
 {¶ 7} Appellant contends that the trial court's conclusion, that the Commission's dismissal of appellee's appeal was unreasonable, is incorrect. Therefore, the decision of the trial court must be reversed. We agree.
 {¶ 8} While we are not permitted to make factual findings or determine the credibility of witnesses, we have the duty to determine whether the commission's decision is supported by the evidence in the record. This same standard of review is shared by all reviewing courts, from common pleas courts to the Supreme Court of Ohio. We are to review the Commission's decision sub judice and determine whether it is unlawful, unreasonable, or against the manifest weight of the evidence. We note that a judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. Thus, our role in reviewing the trial court's decision is to determine whether the trial court appropriately applied the standard of unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v.Ohio Bur. of Emp. Serv., 73 Ohio St.3d 694, 1995-Ohio-206,653 N.E.2d 1207; Republic Engineered Steels, Inc. v. Strege (1993),84 Ohio App.3d 782, 618 N.E.2d 252.
 {¶ 9} In this case, there are two significant undisputed facts. It is undisputed that appellee had a deadline of August 2, 2002, to appeal from the Commission's decision. It is also undisputed that the envelope in which Fisher's appeal was mailed was postmarked August 3, 2002. The question is whether the trial court erred when it found that the commission's decision to base its decision on the date of the postmark of the appeal rather than the date that the appeal was mailed was unreasonable.
 {¶ 10} Although Fisher's appeal was allegedly placed in the mail on August 2, 2002, we find that it is the postmark that is determinative. Therefore the Commission's decision was not unreasonable.
 {¶ 11} Revised Code 4141.281(D)(1) states as follows: "The director, commission, or authorized agent must receive the appeal within the specified appeal period in order for the appeal to be deemed timely filed, except that: if the United States postal service is used as the means of delivery, the enclosing envelope must have a postmark date or postal meter postmark that is on or before the last day of the specified appeal period; . . ." The fact that the postmark determines whether an appeal is timely when the appeal is sent via the postal service is reiterated in the Ohio Administrative Code: "Filing shall be deemed to be completed on the postmarked date appearing on the enclosing envelope where filing is by mail and the appeal or request for review is received by the administrator or review commission. . . ." OAC 4146-13-01(B). A notice of appeal that is untimely filed renders the Board without jurisdiction to entertain any attempted appeal. Knoll v. Dudley (1969),20 Ohio App.2d 339, 343, 254 N.E.2d 387; Riverdale Bd. of Educ. v.Grimm (1977), 55 Ohio App.2d 5, 7, 378 N.E.2d 748.
 {¶ 12} In the case sub judice, appellee's appeal was not postmarked until August 3, 2002, which is one day after the deadline to postmark the appeal. Thus, the appeal was not timely filed.[1] Accordingly, the Commission had no jurisdiction to consider the appeal. Thus, we find that the decision of the Commission was lawful, reasonable and based upon the manifest weight of the evidence.
 {¶ 13} The judgment of the Stark County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings.
Edwards, J., Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded for further proceedings. Costs assessed to appellee Arthur D. Fisher.
[1] R.C. 4141.281(D)(9) provides when the time for filing an appeal will be extended. Appellant does not claim that he fits any of the statutory justifications for an extension of time to file.