JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Brian L. Conway ("defendant") appeals his convictions for drug trafficking and drug possession with firearm specifications and possession of criminal tools. For the reasons that follow, we affirm.
 {¶ 2} On May 21, 2004, Cleveland police executed a search warrant on 5229 Luther Avenue. The SWAT team secured the residence before the detectives entered. Defendant, his girlfriend, two children, and another male were in the dining room of the premises while the search was conducted. However, it is uncertain where the individuals were prior to the time police entered the house. Defendant explained that he was trying to escape out the back door because he had been robbed before.
 {¶ 3} Police determined it was defendant's residence based on mail addressed to him at that location, men's clothing, and pictures of defendant displayed in the house. Defendant also confirmed it was his house. Defendant denied the presence of drugs or weapons. Officers found an unloaded Derringer gun and a bag of marijuana in defendant's bedroom dresser drawer.
 {¶ 4} Det. Vowell identified State's Exhibit 2 as the gun recovered pursuant to the search warrant. There were no bullets found in the house. Police also seized another bag of marijuana from a makeup case and a backpack containing bags of marijuana. Det. Lewandowski was given the gun to mark on the inventory sheet. Det. Vowell further identified State's Exhibits 3 and 4 as the bags of marijuana found during the search. These drugs were also given to Det. Lewandowski to be inventoried. Det. Lewandowski identified State's Exhibit 5 as the confiscated backpack containing six individually wrapped bags of marijuana, each weighing 28 grams. He also recovered $1,100 in cash from defendant. Defendant was then arrested.
 {¶ 5} Det. Vowell further testified that a Derringer gun is not frequently, but can be, used in the drug trade. When questioned whether a gun used in the drug trade would likely be loaded, Det. Vowell responded "[n]ow and then, yes. Now and then, no." He went on to testify that it is very common for drug dealers to keep weapons on the premises where they deal drugs for protection.
 {¶ 6} Det. Cornell separately identified State's Exhibit 2 as the weapon seized pursuant to the search warrant. He stated that he took the weapon to SIU and had it test fired on October 12, 2004 to establish that both barrels were operable.
 {¶ 7} Although defendant moved for acquittal as to the gun specifications only, the motion was denied. Defendant was found guilty on all counts and assigns three errors for our review, which we will address in the order asserted and together where it is appropriate for discussion.
 {¶ 8} "I. The trial court erred when failing to grant appellant's Criminal Rule 29 motion for dismissal in the firearm specifications in Counts 1 and 2 if [sic] the indictment, in that the State of Ohio failed to prove that appellant had a firearm on or about his person or under his control during the commission of the offenses."
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The trial court properly denies a motion for acquittal made pursuant to Crim.R. 29 where the evidence and testimony was such that reasonable minds could reach different conclusions as to defendant's guilt. State v.Bridgeman (1978), 55 Ohio St.2d 261.
 {¶ 10} Defendant believes the trial court erred by denying his motion for acquittal on the firearm specifications. We do not agree. R.C. 2941.141 requires proof that defendant "had a firearm on or about the [his] person or under the [his] control while committing the offense." Defendant believes the evidence is lacking because the gun was unloaded and found in an upstairs bedroom dresser drawer.
 {¶ 11} Although the evidence established that the Derringer gun was unloaded, it was proved that this weapon was operable. A "firearm" includes an unloaded, operable gun. State v. Thomas
(April 19, 1990), Cuyahoga App. No. 56607. The State may establish dominion or control over the weapon through constructive possession. See State v. Benton, Cuyahoga App. No. 82810, 2004-Ohio-3116. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession." Id., citing Statev. Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, at the syllabus.
 {¶ 12} In this case, the State presented evidence that the gun was found in defendant's bedroom in a drawer where drugs were also discovered. Additional testimony established that guns are frequently used in the drug trade for protection. That defendant was secured in the downstairs of the house is inconclusive of where he was prior to the time the police entered the premises. Furthermore, defendant volunteered that he was fearful due to being robbed in the past. Under the totality of the circumstances, reasonable minds could conclude that the gun belonged to defendant and that he used it in connection with the charged offenses.
 {¶ 13} Assignment of Error I is overruled.
 {¶ 14} "II. The trial court committed reversible error when the court admitted evidence allegedly from appellant's home without proper foundation or chain of custody.
 {¶ 15} "III. Appellant was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution due to the fact that his counsel did not object to the admission of evidence in which no chain of custody or foundation was established."
 {¶ 16} In these related assignments of error, defendant claims that the trial court erred by admitting evidence seized pursuant to the search warrant for lack of proper foundation or chain of custody. Defendant further argues that his trial counsel was ineffective for not objecting to the admission of this evidence.
 {¶ 17} The admission or exclusion of relevant evidence lies within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. State v. Combs (1991),62 Ohio St.3d 278, 284. An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 18} Evid.R. 901 requires authentication or identification of evidence as a condition precedent to its admission at trial. "[A]n object, such as a white powder or pill, which lacks unique identifying characteristics must be shown to have been under the care of a continuous chain of custodians up to the moment that the item is identified." State v. Morrison (1982),2 Ohio App.3d 364, 368. A strict chain of custody is not necessarily required for the evidence to be admissible. State v. Blevins
(1987), 36 Ohio App.2d 147, 150. "[T]he State need only establish that it is reasonably certain that substitution, alteration, or tampering did not occur." Id.
 {¶ 19} In this case, various officers identified certain of the State's exhibits as items seized pursuant to the search warrant. Detectives Vowell and Lewandowski sufficiently established a chain of custody testifying that the items were inventoried upon their discovery. Det. Cornell testified that he took the weapon to SIU for testing and positively identified State's Exhibit 2 as the same weapon seized from the property. Defendant questions the reliability or credibility of the officers' identification testimony because they handle thousands of investigations and would not be able to remember one bag of marijuana from the next. However, the reliability or credibility of the officers' testimony goes to the weight of the evidence and not its admissibility. The testimony established with reasonable certainty that substitution, alteration, or tampering did not occur. The State sufficiently established chain of custody to allow the bags of marijuana and gun into evidence.
 {¶ 20} Because the State established a proper foundation for the admission of the subject evidence, defense counsel was not ineffective for failing to object to its admission on this basis.[1]
 {¶ 21} Assignments of Error II and III are overruled.
 {¶ 22} "IV. The verdict reached by the court was against the manifest weight of the evidence and the evidence was insufficient to support a conviction, thus denying appellant's due process rights per United States Constitution Amend. XIV and right to a fair trial United States Constitution Amend. VI."
 {¶ 23} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins (1997),78 Ohio St.3d 380, 387, 1997-Ohio-52. To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 24} Defendant argues that his convictions were against the manifest weight of the evidence for the following reasons: that the other "adult residents in the home" were not identified and because, he believes, the evidence did not link him to the gun or the drugs specifically. We disagree. Evidence was offered that defendant lived in the home, that the gun and drugs were seized from his bedroom and from his dresser drawer, and that he was attempting to flee the scene. Having reviewed the entire record, weighing the evidence and all reasonable inferences, considering the credibility of witnesses and resolving conflicts in the evidence, we cannot conclude that the trier of fact clearly lost its way such that defendant's convictions resulted in a manifest miscarriage of justice.
 {¶ 25} Accordingly, Assignment of Error IV is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Rocco, J., concur.
[1] To establish a claim of ineffective assistance of counsel, defendant must show two components: (1) "`that counsel's performance was deficient'"; and (2) "`* * * that the deficient performance prejudiced the defense.'" State v. Kole,92 Ohio St.3d 303, 2001-Ohio-191, quoting Strickland v. Washington
(1984), 466 U.S. 668, 687.