OPINION
{¶ 1} Appellant, Steven A. Clemons, appeals from a judgment of the Franklin County Court of Common Pleas affirming the Ohio Unemployment Compensation Review Commission's decision which disallowed appellant's request for review. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant worked for Schindler Elevator Corp. from November 23, 2000, until his separation due to a lack of work on January 3, 2002. On January 3, 2002, appellant applied to the Ohio Department of Job and Family Services, appellee, for unemployment compensation benefits. Appellant failed to claim his spouse as a dependent. On January 17, 2002, appellee mailed its initial determination, which allowed appellant's application for a benefit year beginning December 30, 2001, and assigned a "Dependency Class" of "B." Accompanying this determination were the following explanations:
"DEPENDENCY CLASS" is assigned in accordance with the schedule established by law. The schedule is as follows[.] CLASS "A"-no dependents, or insufficient base period wages to qualify for a higher benefit entitlement. CLASS "B"-one or two dependents; and CLASS "C"-three or more dependents. The dependency class determination will remain in effect for the benefit year. If you believe that the dependency classification is wrong, you should appeal now.
* * *
If you do not agree with this determination, you may file an appeal at any One Stop Employment and Training Center of the Ohio Department of Job and Family Services. * * * To be considered timely, your appeal must be filed within 21 calendar days (including Saturday and Sunday) after the date mailed above. * * * If your appeal is not filed within the 21 day period, a statement must be included with the date the determination was received and the reason for filing late. * * *
 {¶ 3} On May 13, 2002, appellant appealed from this determination by filing a "Request for Reconsideration." In that filing, appellant claimed his application contained incorrect information. Appellant stated that he wanted to claim his spouse as a dependent, and that his spouse had worked four out of the last 13 weeks (in contrast with the originally reported 14 out of 13 weeks), with an average weekly wage of $33.85. According to appellant's May 13, 2002 request for reconsideration, the appeal was filed late because "[appellant] didn't know [that his] spouse was `disallowed' as a dependent until May 8th, 2002, when [he] called to `re-open' [his] claim."
 {¶ 4} On May 20, 2002, appellee mailed a redetermination to appellant, dismissing the appeal as not timely filed. On May 29, 2002, appellant appealed from the redetermination to the Unemployment Compensation Review Commission ("commission").
 {¶ 5} A commission hearing officer held a telephone hearing on this matter on July 31, 2002. In a decision mailed August 1, 2002, the hearing officer affirmed appellee's redetermination. The hearing officer determined that the appeal filed by appellant was not timely filed and that the appeal was properly dismissed. Appellant requested a review before the commission, which was disallowed on August 29, 2002.
 {¶ 6} On September 27, 2002, appellant appealed to the Franklin County Court of Common Pleas. On August 27, 2003, the trial court issued a decision affirming the decision of the commission. The trial court determined that appellant's May 13, 2002 appeal was untimely and rejected appellant's argument that the Department of Job and Family Services Director's ("director") initial determination was erroneous due to a clerical error, as that term was defined in Ohio Adm. Code 4141-27-08(A).[1]
The trial court entered judgment on September 25, 2003.
 {¶ 7} Appellant appeals from this judgment and assigns the following errors:
1. The lower court holding that a timely appeal is a prerequisite to the issuance of a corrected determination under section 4141.28(G) of the Ohio Revised Code is contrary to law.
2. The lower court holding that there was no clerical error as defined in Section 4141-27-08 of the Ohio Administrative Code is contrary to law.
 {¶ 8} Because appellant's two assignments of error involve interrelated issues, we will address them together. Preliminarily, we observe that the trial court did not hold that "a timely appeal is a prerequisite to the issuance of a corrected determination under Section 4141.28(G) of the Ohio Revised Code." The trial court found that appellant's May 13, 2002 appeal was untimely, and it determined, upon its consideration of the record, that the commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 9} R.C. 4141.281(A) provides that "[a]ny party notified of a determination of benefit rights or a claim for benefits determination may appeal within twenty-one calendar days after the written determination was sent to the party or within an extended period as provided under division (D)(9) of this section." R.C. 4141.281(D)(9) provides for an extension of time, in certain circumstances, for filing an appeal. The facts of this case did not permit an extension of time for filing an appeal pursuant to R.C. 4141.281(D)(9). R.C. 4141.281(D)(1) provides that "[t]he director, commission, or authorized agent must receive the appeal within the specified appeal period in order for the appeal to be deemed timely filed." R.C. 4141.281(D)(1) also provides for exceptions to this requirement; however, these exceptions are not applicable to this case.
 {¶ 10} Appellant argues on appeal that the issuance of a corrected determination by the director was mandatory in this case. Appellant cites to R.C. 4141.28(G) in support of his argument. R.C. 4141.28(G) provides as follows:
If the director finds within the benefit year that a determination made by the director was erroneous due to an error in an employer's report or any typographical or clerical error in the director's determination, or as shown by correct remuneration information received by the director, the director shall issue a corrected determination to all interested parties. The corrected determination shall take precedence over and void the prior determination of the director. The director shall not issue a corrected determination when the commission or a court has jurisdiction with respect to that determination.
 {¶ 11} Appellant's arguments regarding whether the director made an erroneous determination because of a clerical error or whether appellant submitted correct remuneration information to the director are irrelevant with respect to the dispositive issue in this appeal. The fundamental issue in this appeal is whether appellant properly invoked the appellate jurisdiction of the administrative agency. We agree with the trial court when it stated, "While it may be true that Appellant eventually provided correct remuneration information to the Director, it does not change the fact that Appellant's appeal of the Director's initial determination was not timely." (Aug. 27, 2003 Decision, at 4.)
 {¶ 12} "Where a statute requires that an administrative appeal be filed within a specified time period, compliance with such requirement is a necessary precondition to invoking the appellate jurisdiction of the administrative agency." State exrel. Kent State Univ. v. State Personnel Bd. of Review (June 21, 1990), Franklin App. No. 90AP-525, citing McCruter v. Bd. ofReview (1980), 64 Ohio St.2d 277, 279. R.C. 4141.28(G) does not enlarge the time for filing an appeal pursuant to R.C. 4141.281, nor does it negate the principle that a timely appeal is a precondition to invoking the appellate jurisdiction of the administrative agency.
 {¶ 13} In the case at bar, appellant did not comply with the requirements of R.C. 4141.281 in his attempted appeal from the director's initial determination, and thereby failed to invoke the appellate jurisdiction of the administrative agency. Appellant received the director's initial determination within a few days of January 17, 2002, but did not appeal the determination until May 13, 2002, nearly four months after the determination.
 {¶ 14} Therefore, we conclude that appellant's appeal from the initial determination was properly dismissed because the appeal was not timely filed and the administrative agency was without jurisdiction to entertain his appeal. The trial court did not err when it determined that the commission's August 29, 2002 decision was not unlawful, unreasonable, or against the manifest weight of the evidence and accordingly affirmed the commission's decision.
 {¶ 15} For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Lazarus, P.J., and Klatt, J., concur.
[1] Ohio Adm. Code 4141-27-08 was repealed on February 22, 2004.