OPINION
{¶ 1} Appellant, Director, Ohio Department of Job and Family Services, appeals from the judgment of the Geauga County Court of Common Pleas, which reversed the decision of the Unemployment Compensation Review Commission ("Review Commission"), dismissing Geauga Welding Pipeline Co.'s ("Geauga Welding") appeal of the allowance of benefits to Vincent A. Germano ("Germano"). The Review Commission had determined Geauga Welding's administrative appeal was untimely and thus, the Review Commission lacked jurisdiction to consider the appeal. The trial court found the Review Commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. We reverse.
 {¶ 2} Germano applied for unemployment benefits alleging he was unemployed from his former employer, Geauga Welding, due to a lack of work. Subsequently, Geauga Welding faxed information to appellant contesting Germano's application and stating Germano was unemployed because he had been incarcerated. Apparently, appellant never received, or misfiled, this fax. In any event, this information was not considered and on March 4, 2004, appellant made an initial determination and allowed benefits. Geauga Welding received this determination the week of March 8, 2004. On or about March 31, 2004, Geauga Welding learned appellant had not considered the information Geauga Welding provided regarding Germano's incarceration; therefore, on March 31, 2004, Geauga Welding filed an appeal seeking review of appellant's determination allowing benefits. The Review Commission found Geauga Welding's appeal was untimely filed and dismissed it.
 {¶ 3} Geauga Welding filed an appeal in the Geauga County Court of Common Pleas. The trial court found the Review Commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. Appellant filed a timely appeal from the trial court's judgment raising one assignment of error:
 {¶ 4} "The lower court erred in remanding this case to the Ohio Department of Job and Family Services (ODJFS) for a decision on the merits as competent, credible evidence establishes that appellee's appeal of ODJFS's initial determination allowing unemployment compensation was untimely and thus was properly dismissed."[1]
 {¶ 5} An appellate court applies the same standard as the common pleas court when considering the Review Commission's decision. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, 696, i.e., we may reverse the decision only if it is unlawful, unreasonable or against the manifest weight of the evidence. Id. at paragraph one of the syllabus.
 {¶ 6} R.C. 4141.281(A) provides, "Any party notified of a determination of benefit rights or a claim for benefits determination may appeal within twenty-one calendar days after the written determination was sent to the party or within an extended period as provided under division (D)(9) of this section." Here, the determination allowing benefits was made March 4, 2004. Thus, Geauga Welding had until March 25, 2004 to perfect its appeal.
 {¶ 7} Geauga Welding does not dispute that its appeal was filed after this date. In the trial court, Geauga Welding essentially argued the requirements of R.C. 4141.281(A) should not apply because it wrongly assumed appellant had considered the information it provided contesting Germano's application and when it learned appellant had not done so, it immediately filed its appeal.
 {¶ 8} Geauga Welding's president, Robert Leach ("Leach"), testified before the Review Commission that, upon receiving appellant's initial determination allowing benefits, he simply assumed there was no point in filing an appeal because he assumed appellant had considered the information Geauga Welding had supplied regarding the true reason for Germano's unemployment and thus, any appeal would be futile. When Leach learned otherwise, he immediately filed an appeal.
 {¶ 9} "[W]here a statute confers a right of appeal, such appeal may be perfected only by compliance with the mandatory statutory requirements." State ex rel. Kent State Univ. v. StatePersonnel Bd. of Review (June 21, 1990), 10th Dist. No. 90AP-525, 1990 Ohio App. LEXIS 2561, 5, citing Zier v. Bureau ofUnemployment Compensation (1949), 151 Ohio St. 123, paragraph one of the syllabus. When a statute requires that an administrative appeal be filed within a specified period, compliance with that requirement is a necessary predicate to invoking the administrative agency's appellate jurisdiction. Id., citing McCruter v. Bd. of Review (1980), 64 Ohio St.2d 277,279.
 {¶ 10} Under R.C. 4141.281(A), Geauga Welding had until March 25, 2004 to perfect its appeal. None of the exceptions set forth in R.C. 4141.281(D)(9) apply in the instant case. Therefore, the Review Commission properly found it did not have jurisdiction to consider Geauga Welding's appeal and consequently, the Review Commission's decision was not unlawful, unreasonable, and against the manifest weight of the evidence. The trial court erred in so finding. See, e.g., Clemons v. Ohio State Dept. of Job andFamily Serv., 10th Dist. No. 03AP-976, 2004-Ohio-6251, ¶ 14 (stating, "Therefore, we conclude that [claimant's] appeal from the initial determination was properly dismissed because the appeal was not timely filed and the administrative agency was without jurisdiction to entertain his appeal.") For the foregoing reasons the judgment of the Geauga County Court of Common Pleas is reversed, and judgment is entered for appellant.
Grendell, J., O'Toole, J., concur.
[1] Appellee has not filed a brief.