OPINION
{¶ 1} Appellant, Director, Ohio Department of Job and Family Services, appeals the judgment of Ashtabula County Court of Common Pleas, reversing the decision of the Ohio Unemployment Compensation Review Commission denying appellee, James A. Dragon, unemployment compensation. For the following reasons, the judgment of the common pleas court is affirmed.
 {¶ 2} Dragon was employed from December 2002 to July 2003 by Ruff Neon Lighting Maintenance Company of Mentor, Ohio. Dragon worked for Ruff Neon Lighting installing signs. Dragon was terminated from his employment with Ruff Neon Lighting on July 21, 2003, for "an accumulation of things that he was doing." According to Tom Ruff, president of Ruff Neon Lighting, Dragon was repeatedly disruptive by arguing about his wages and benefits during working hours. On July 1, 2003, Dragon installed a sign in the wrong position. Later, Dragon argued with Tom Ruff about the incident and referred to Ruff as an "asshole" in a comment made to fellow-employee, Lou Gulf. On July 17, 2003, Dragon had a telephone conversation with company vice-president, Kelli E. Ruff, regarding his wages and medical benefits. Kelli Ruff testified that during the conversation Dragon called her a "liar" and accused her of stealing money from him. After the conversation with Kelli, the decision was made to terminate Dragon.
 {¶ 3} Dragon maintained he was terminated for engaging in union activities. Dragon denied referring to Tom Ruff as an "asshole" or calling Kelli Ruff a "liar" and maintained that the sign incident was neither his fault nor grounds for termination.
 {¶ 4} Dragon applied for unemployment compensation benefits by filing an application for determination of benefit rights beginning with the week ending July 26, 2003. The director for the Department of Job and Family Services allowed Dragon's claim, finding that "there was not enough fault on the part of the claimant * * * that an ordinary person would find the discharge justifiable." See R.C. 4141.28. The director's determination of unemployment compensation benefits was mailed to Ruff Neon 
Lighting on August 13, 2003.
 {¶ 5} Pursuant to R.C. 4141.281(A), Ruff Neon Lighting had twenty-one days, or until September 3, 2003, to appeal the director's determination of benefit rights. Ruff Neon Lighting maintains that notice of appeal was faxed to the Department of Job and Family Services on September 1, 2003. On November 26, 2003, the director issued a redetermination dismissing Ruff Neon Lighting's appeal of the August 13, 2003 determination. The director found that Ruff Neon Lighting's appeal, "filed on November 06, 2003, was not made within the time limit prescribed by law and cannot be accepted as a timely appeal."
 {¶ 6} Ruff Neon Lighting timely appealed the director's redetermination. On December 16, 2003, the director transferred jurisdiction over Dragon's claim to the review commission pursuant to R.C. 4141.281(C)(1). On February 20, 2004, the review commission reversed the director's November 26, 2003 dismissal of Ruff Neon Lighting's appeal, finding that a timely appeal had been filed on September 1, 2003, and scheduled a hearing on the merits of the appeal. Dragon did not appeal the decision of the review commission.
 {¶ 7} On April 1, 2004, a hearing was held on Ruff Neon 
Lighting's appeal of the initial decision to allow Dragon's claim for unemployment compensation. On April 6, the review commission reversed the director's initial determination and found that Dragon had been "discharged for just cause in connection with work," specifically, Dragon "showed a disregard for the employer's interests and his conduct also constituted insubordination." On May 18, 2004, the review commission denied Dragon's request for further review of this matter.
 {¶ 8} Pursuant to R.C. 4141.282, Dragon appealed the review commission's decisions of May 18, 2004, April 6, 2004, and February 20, 2004, to the Ashtabula County Court of Common Pleas.
 {¶ 9} The court of common pleas found that the review commission's decision of February 20, 2004, reinstating Ruff Neon Lighting's appeal of the director's initial decision, was unlawful, unreasonable, and against the manifest weight of the evidence. The only evidence found by the lower court that Ruff Neon Lighting had timely filed a notice of appeal of the initial determination was a document dated September 3, 2003, but allegedly faxed to the Department of Job and Family Services on September 1, 2003. This document purports to provide "the specific details" the Department of Job and Family Services had requested regarding Dragon's termination. The document describes incidents involving Dragon occurring on July 1, 2003, and July 16, 2003, and is signed by the Ruff Neon Lighting's president, Thomas A. Ruff. The lower court noted that "there is absolutely no indication [Ruff] is requesting a review of the determination initially made * * * on August 13, 2003." The trial court also noted that the words "review" and "appeal" are not found in the document. Accordingly, the court was of the opinion that "a fair interpretation of this letter is that it is submitting additional facts to supplement the facts already submitted" rather than indicating the intention to challenge the August 13, 2003 decision.
 {¶ 10} The lower court further continued that, although moot, Dragon was denied due process rights by the review commission's "unreasonable refusal" to hear testimony from Lou Gulf, a witness to several of the incidents for which Dragon was allegedly terminated.
 {¶ 11} The lower court entered judgment on January 28, 2005. Ruff Neon Lighting timely appeals raising the following assignments of error:
 {¶ 12} "[1.] The Ashtabula Common Pleas Court's decision reversing the Review Commission's denial of Claimant's unemployment benefits was unlawful and unreasonable where the court failed to apply either the statutory or common law standard of review.
 {¶ 13} [2.] The Ashtabula Common Pleas Court erred by not recognizing the review commission's factual determinations that Claimant was discharged for insubordination which constitutes just cause, a statutory basis for denying Claimant unemployment benefits."
 {¶ 14} A common pleas court reviews the decision of the review commission to determine if the decision "was unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). If the commission's decision is unlawful, unreasonable, or against the manifest weight of the evidence, the court "shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." Id. With respect to the review commission's determination whether an employee is terminated for "just cause," the court of appeals applies the same standard as the common pleas court. Tzangas, Plakas Mannos v. Ohio Bur. ofEmp. Serv., 73 Ohio St.3d 694, 1995-Ohio-206, at paragraph one of the syllabus. Neither the court of appeals nor the court of common pleas is "permitted to make factual findings or to determine the credibility of witnesses." Irvine v. StateUnemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18
(citation omitted).
 {¶ 15} Although the resolution of factual questions is for the board of review, "it is the responsibility of reviewing courts to reverse board of review rulings which reach unreasonable conclusions based on essentially undisputed evidence." Frato v. Bur. of Emp. Serv. (11th Dist. 1991),77 Ohio App.3d 193, 196, citing Wilson v. Bd. of Review (1984),14 Ohio App.3d 309, 311; cf. Irvine v. State Unemployment Comp. Bd.of Review (1985), 19 Ohio St.3d 15, 18 ("[t]he duty or authority of the courts is to determine whether the decision of the board [of review] is supported by the evidence in the record"). Where the facts are essentially undisputed, the issue for the common pleas court is a question of law, on which the court does not owe the same deference to the board of review. In such cases, the common pleas court has "a duty to reverse the decision of the board of review if the board reached an erroneous conclusion."Frato, 77 Ohio App.3d at 197.
 {¶ 16} Under the first assignment of error, the Department of Job and Family Services raises several arguments alleging that the common pleas court applied the wrong standard of review and impermissibly weighed the evidence in rendering its judgment. Few of these arguments bear any relationship to the January 28, 2005 judgment rendered by the common pleas court.
 {¶ 17} The Department argues that, since the review commission's factual determination that Dragon was terminated for "just cause" was supported by evidence in the record, the common pleas court should have affirmed that judgment. The common pleas court, however, did not consider the merits of the review commission's "just cause" determination. Rather, the court ruled that the Ruff Neon Lighting had failed to timely appeal the director's initial determination. Absent the filing of a timely appeal as prescribed in R.C. 4141.281(A), the review commission was without jurisdiction to conduct further review of the director's determination. Clemons v. Ohio State Dept. of Job andFamily Serv., 10th Dist. No. 03AP-976, 2004-Ohio-6251, at ¶ 13;Fisher v. Yellow Freight Sys. Inc., 5th Dist. No. 2003CA00391,2004-Ohio-5193, at ¶ 11 (citations omitted).
 {¶ 18} In the present case, the evidence regarding the timeliness of Ruff Neon Lighting's appeal of the director's determination is undisputed. The September 3, 2003 document submitted as a "notice of appeal" cannot, by any reasonable interpretation, be construed as a notice of the intention to appeal the director's determination, to which the September 3, 2003 document does not even refer. See Moore v. Foreacher
(1951), 156 Ohio St. 255, at syllabus ("notice of appeal" from a decision of the board of review is sufficient "where the notice of appeal clearly and without any ambiguity or uncertainty identifies * * * the decision from which the appeal is taken");Altizer v. Bd. of Review (March 12, 1996), 10th Dist. No. 95APE10-1310, 1996 Ohio App. LEXIS 951, at *6 (a valid appeal requires "a written notice indicating a desire for review of a previous determination"). Accordingly, the common pleas court ordered the review commission's decision of February 20, 2004, to be reversed and vacated, and the director's redetermination that Ruff Neon Lighting's appeal was not timely filed to be reinstated.
 {¶ 19} The Department of Job and Family Services also complains that the common pleas court considered "new evidence not in the record," specifically, the testimony of Dragon's fellow employee, Lou Gulf. The Department argues that the "correct remedy" was for the court "to remand the matter to allow Mr. Gulf's testimony so that the Review Commission could weigh Mr. Gulf's testimony. The court's order made no mention of a remand to allow the testimony of Gulf."
 {¶ 20} In fact, the common pleas court did not consider or weigh Lou Gulf's testimony for the reason that Lou Gulf was not permitted to testify before the review commission. The common pleas court did find that Lou Gulf's testimony "would have been highly relevant as to whether [Dragon] had * * * committed the acts he was accused of by the Employer." Gulf worked with Dragon installing the sign that Ruff maintains Dragon installed in the wrong position. Gulf was also the person to whom Dragon was speaking when he allegedly referred to Tom Ruff as an "asshole." Although the common pleas court considered the issue "moot," it found that Dragon "was denied due process rights by the [review commission's] unreasonable refusal to hear the testimony of Lou Gulf."[1] Therefore, if the issue were properly before it, the court stated it would "remand this action to the Review Commission for an additional hearing and an additional presentation of relevant evidence." See R.C. 4141.282(H) ("[i]f the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall * * * remand the matter to the commission").
 {¶ 21} "The principles of due process in administrative hearings shall be applied to all hearings conducted under the authority of the [review] commission. * * * Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully * * * develop the record." R.C. 4141.281(C)(2). The failure to allow a party to present witnesses or otherwise develop their case is grounds for reversing the decision of the review commission. Owens v. OhioBur. of Emp. Serv. (1999), 135 Ohio App.3d 217, 219-221; Perryv. Buckeye Community Servs. (1988), 48 Ohio App.3d 140, 142;Herrell v. Dept. of Transp. (April 28, 1987), 4th Dist. No. 1797, 1987 Ohio App. LEXIS 6685, at *3-*8.
 {¶ 22} Contrary to the Department of Job and Family Services contention, the common pleas court would have remanded the matter to allow Gulf's testimony if Ruff Neon Lighting had timely appealed.
 {¶ 23} The Department of Job and Family Services next argues that the common pleas court was without subject matter jurisdiction to review the February 20, 2004 review commission decision. According to the Department, Dragon had thirty days from the date of that decision to appeal. R.C. 4141.282(A). Instead, Dragon only appealed the April 6, 2004 review commission decision, finding that Dragon was terminated for just cause. We disagree.
 {¶ 24} Dragon filed his notice of administrative appeal on June 10, 2004, not, as the Department claims, from the April 6, 2004 decision, but from the May 18, 2004 review commission decision denying Dragon further review. In his notice of appeal, Dragon challenges the decisions of the review commission issued on May 18, 2004, April 6, 2004, and February 20, 2004.
 {¶ 25} "Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas." R.C. 4141.282(A). "The disallowance of a request for review constitutes a final decision by the commission." R.C. 4141.281(C)(5). Accordingly, neither the February 20, 2004 decision nor the April 6, 2004 decision of the review commission were "final decisions" from which Dragon could appeal to common pleas court, because neither decision denied further review of Dragon's claim. The May 18, 2004 decision, denying Dragon further review, was a "final decision" and, therefore, was the proper decision from which to appeal.Anderson v. Interface Elec., Inc., 10th Dist. No. 03AP-354,2003-Ohio-7031, at ¶ 15 ("under the statute, a `final decision' is made: (1) by the review commission * * * and (2) after an aggrieved party requests a review, which is then denied by the review commission"). The common pleas court did have jurisdiction to review the February 20, 2004 decision of the review commission.
 {¶ 26} The Department of Job and Family Services' final argument under its first assignment of error is that the common pleas court erred by finding that Ruff Neon Lighting's delay in filing an appeal caused Dragon "additional damages" because he continued to receive benefits for several months while the possibility existed that he was not entitled to those benefits. This observation by the trial court, however, merely underscores the rationale for conducting the review process in a timely manner.[2] It was not the basis of the common pleas court's decision and, therefore, not a basis for reversing the common pleas court.
 {¶ 27} For the foregoing reasons, the first assignment of error is without merit.
 {¶ 28} Under the second assignment of error, the Department of Job and Family Services argues that the review commission's decision that Dragon was terminated for insubordination amounting to just cause was not unlawful, unreasonable, or against the manifest weight of the evidence. Therefore, the review commission's decision should be affirmed.
 {¶ 29} As discussed above, the common pleas court did not hold that the review commission's just cause determination was unlawful, unreasonable, or against the manifest weight of the evidence. The sole basis for the common pleas court's decision was that Ruff Neon Lighting failed to timely appeal the director's initial determination allowing Dragon benefits. The trial court noted in dicta, while acknowledging the issue was moot, that Dragon was denied due process on account of the review commission's unreasonable refusal to allow witness, Lou Gulf, to testify. The observation that Dragon was denied due process is not the same thing as reviewing the merits of the commission's just cause determination. Thus, the Department has failed to raise an argument that could serve as a basis for reversing the common pleas court.
 {¶ 30} The second assignment of error is without merit.
 {¶ 31} For the foregoing reasons, the decision of the Ashtabula County Court of Common Pleas, reversing and vacating the review commission's February 20, 2004 decision and reinstating the director's redetermination regarding the timeliness of Ruff Neon Lighting's appeal, is affirmed.
O'Neill, J., concurs,
Rice, J., dissents with a Dissenting Opinion.
[1] The hearing officer did not clearly express a reason why Lou Gulf was not permitted to testify and also denied Tom Ruff the opportunity to introduce a witness. The common pleas court's judgment states: "A review of the transcript indicates that the hearing officer apparently lost control, accused the parties of entering into a bitch match, and summarily discontinued the proceedings."
[2] The common pleas court's judgment states, in relevant part: "Ohio Revised Code § 4141.281(B) provides that, once an initial determination is appealed, a redetermination hearing is scheduled within twenty-one days after receipt of the appeal. Clearly, this relatively short twenty-one day period is designed to provide timely appeals so that, in the event claimants are receiving benefits, which may later be reversed, they will not build up a large amount of money that they may be required to pay back to the Review Commission."